## EX PARTE TEXAS ET AL.

No. —, Original.  Argued December 8, 9, 1941.—Decided January 12, 1942.

*Mr. James P. Hart,* with whom *Mr. Gerald C. Mann,* Attorney General of Texas, was on the brief, for petitioners.

*Mr. Charles L. Black,* with whom *Messrs. Roy C. Coffee, Marshall Newcomb, Ogden K. Shannon,* and *Ben H. Powell* were on the brief, for the Lone Star Gas Co., intervenor.

*Messrs. James P. Alexander, John H. Sharp,* and *Richard Critz* submitted, *pro se.*

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

This is a motion by the Attorney General and Railroad Commission of the State of Texas for leave to file a petition for a writ of mandamus against the Chief Justice and Associate Justices of the Supreme Court of Texas to bring a judgment of that Court into conformity with the controlling mandate of this Court. The foundation of the motion is the claim that in the proceedings following the remand by this Court to the Texas courts of the litigation in *Lone Star Gas Co.* v. *Texas,* 304 U. S. 224, the Supreme Court of Texas has misconceived the scope of our decision. The history of the litigation must therefore be summarized.

In 1934 the Railroad Commission of Texas brought an action in the District Court of Travis County, under Article 6059 of the Revised Civil Statutes of Texas, to enforce its order of September 13, 1933, fixing the rate to be charged by the Lone Star Gas Company, a Texas corporation operating pipe lines located in Texas and Oklahoma,

for gas delivered to distributing companies in Texas. The Commission's order treated the Company's properties in both states as an "integrated" system. In its answer the Company attacked the order under the Commerce and Due Process Clauses. A trial was held before a jury, which found, from the evidence before it, that the Commission's order was "unreasonable and unjust." Accordingly, the District Court enjoined enforcement of the order. An appeal to the Court of Civil Appeals followed. That court sustained the Commission in treating the Company as an integrated enterprise and found against the Company upon the issue of confiscation. The burden was put upon the Company "to show by clear and satisfactory evidence a proper segregation of interstate and intrastate properties and business, and to show the value of the property employed in intrastate business or commerce and the compensation it would receive under the rate complained of upon such valuation. Having failed to make a proper segregation of interstate and intrastate properties, appellee [i. e., the Company] did not adduce the quantum and character of proof necessary to establish the invalidity of the rate as being confiscatory, or unreasonable and unjust." 86 S. W. 2d 484, 502. The Court therefore dissolved the injunction of the District Court and declared the Commission's order to be "just, reasonable, and valid in every particular." 86 S. W. 2d 484, 506. The Supreme Court of Texas refused a writ of error and the case then came here.

We reversed the judgment of the Court of Civil Appeals, and remanded the cause "for further proceedings not inconsistent" with the opinion. 304 U. S. 224, 242. It was held: (1) The Commission's order did not offend the Commerce Clause. The Commission was entitled to take into consideration the Company's producing properties in Oklahoma and its transmission lines to Texas, because "the proved manner in which the gas from Okla-

homa was treated and handled in Texas made it an integral part of the gas supplied to the Texas communities in appellant's intrastate business." 304 U. S. at 239. (2) On the issue of confiscation the Court of Civil Appeals had erred. The Company "could not be denied the right to introduce evidence as to its property and business as an integrated system and to have the sufficiency of its evidence ascertained by the criterion which the Commission had properly used in the same manner in reaching its conclusion as to the Texas rate." 304 U. S. at 241–42.

When the case came back to the Court of Civil Appeals, it held that "when viewed in the light of the over-all or unsegregated basis and evidence the legislative rate order is valid as a matter of law," and that the validity of the order was established "factually from so overwhelming a weight and preponderance of the evidence as to require a reversal in the interest of justice." And so it again dissolved the injunction and reinstated the Commission's order. 129 S. W. 2d 1164. This time the Supreme Court of Texas granted a writ of error and sent the case back to the District Court for a new trial. 153 S. W. 2d 681.

In its extended opinion the Supreme Court of Texas reviewed these two rulings by the Court of Civil Appeals: (1) Since Article 6059 of the Revised Statutes of Texas,[1] governing judicial review of the Commission's orders,

---

[1] Article 6059 provides: "If any gas utility or other party at interest be dissatisfied with the decision of any rate, classification, rule, charge, order, act or regulation adopted by the Commission, such dissatisfied utility or party may file a petition setting forth the particular cause of objection thereto in a court of competent jurisdiction in Travis County against the Commission as defendant. Said action shall have precedence over all other causes on the docket of a different nature and shall be tried and determined as other civil causes in said court. . . . In all trials under this article the burden of proof shall rest upon the plaintiff, who must show by clear and satisfactory evidence that the rates, regulations, orders, classifications, acts or charges complained of are unreasonable and unjust to it or them." ·

12

makes the Commission's findings of fact conclusive if supported by substantial evidence, and since the findings were supported by such evidence, the order was valid as a matter of law and left no question for the jury. (2) Even if Article 6059 required a trial *de novo* of all issues of fact, "the Gas Company failed, as a matter of law, to offer evidence sufficient to justify holding this gas rate order confiscatory, or unreasonable and unjust." 153 S. W. 2d at 687.

The Supreme Court of Texas held that Article 6059 does require a trial *de novo* in the District Court. It added that "there is no escape from the conclusion that the United States Supreme Court did consider and did pass upon the sufficiency of the Gas Company's evidence, when considered from the viewpoint of the Company's entire properties, and did hold such evidence legally sufficient to sustain the verdict of the jury finding this rate order confiscatory." 153 S. W. 2d at 689. Later in its opinion, the Texas Supreme Court stated "that such opinion [of the Supreme Court of the United States] decides that the evidence contained in this record is sufficient, in law, to invoke the fact finding jurisdiction of the district court. It follows that such matter has been foreclosed by the United States Supreme Court, and is not open for decision by this Court, and was not open for decision by the Court of Civil Appeals." 153 S. W. 2d at 695.

It agreed with the Court of Civil Appeals that the trial court, to the prejudice of the Commission, had erroneously permitted the testimony of a Company witness and refused to exclude various Company exhibits. Immediately following this part of its opinion the Supreme Court of Texas wrote: "It is evident from our holdings above that this case must be remanded to the district court for a new trial." 153 S. W. 2d at 699.

The petitioners read the opinion of the Supreme Court of Texas to mean that the claim of confiscation could no

longer be contested in the Texas courts because this Court adjudicated that claim in the Company's favor. Such was not the ruling of this Court. The merits of the claim of confiscation were not reviewed. All that was decided here was that the Company was entitled to make proof of confiscation on the same basis—namely, that of services rendered by an integrated system—as that on which the Commission fixed the rates. On their reading of the opinion of the Supreme Court of Texas, the petitioners were naturally eager for a prompt correction of the decision of that Court, even though it was not final, without waiting for this rate controversy, already eight years old, again to wind its measured way through the Texas courts and then to be brought here on an indubitably federal question, to wit, the proper construction of a mandate of this Court.

The petitioners claim that but for a misapplication of our mandate the Texas Supreme Court might have sustained the Court of Civil Appeals and the litigation could finally have come to an end. Since the opinion of the Texas Supreme Court, on its face, appeared to be susceptible of the construction given it by the petitioners, we issued a rule to show cause. 314 U. S. 579.

In their return, the Chief Justice and Associate Justices of the Supreme Court of Texas state that that court "would have rendered the same judgment if it had based the same solely upon its construction of the State statute and not at all upon its construction of the opinion of this Court." The return further showed that in remanding the cause to the District Court for a new trial the Supreme Court of Texas acted entirely pursuant to state law: "The Court of Civil Appeals in this State has full power to set aside findings based on conflicting evidence and believed by it to be against the overwhelming weight and preponderance of the evidence and to remand the case for another trial; but it is without power to set aside findings based on

14

conflicting evidence and then make its own findings and render judgment thereon."

We read this return as a disclaimer by the judges of the Supreme Court of Texas of the construction placed upon their opinion by the petitioners insofar as it touches the scope of this Court's ruling in 304 U. S. 224 and the effect of that decision upon the future course of this litigation. Specifically, we read the return as a disavowal by the Supreme Court of Texas that its action in reversing the Texas Court of Civil Appeals and ordering a new trial implied that our decision adjudicated the claim of confiscation or in any wise forecloses trial of that issue. Therefore, when the litigation goes back to the District Court, it will not be imprisoned within an adjudication to be attributed to this Court which this Court never made. We must accept the return of the Texas judges regarding the scope of judicial review of orders of the Texas Railroad Commission, as well as their showing regarding the distribution of judicial power within the Texas judicial system. These are matters of local law.

The rule will therefore be discharged and the motion denied.

*So ordered.*

MR. JUSTICE ROBERTS heard the argument and agreed to the above disposition of the case, but through absence was unable to join in the opinion.

MR. JUSTICE BLACK, MR. JUSTICE DOUGLAS and MR. JUSTICE MURPHY concur in the result.