APPALACHIAN POSTER ADVERTISING CO., INC., PETITIONER v. JAMES E. HARRINGTON, AS SECRETARY OF TRANSPORTATION OF THE STATE OF NORTH CAROLINA, RESPONDENT

No. 8710SC988

(Filed 5 April 1988)

1. **Rules of Civil Procedure § 52— appeal from revocation of sign permit—findings insufficient**

    In an action in which DOT revoked petitioner's sign permit following repairs to the sign by petitioner, the trial court erred by failing to make proper findings of fact where the court's findings amounted only to a recitation of the evidence. The findings of fact required by N.C.G.S. § 1A-1, Rule 52(a)(1) must be more than evidentiary facts, they must be specific ultimate facts. Ultimate facts are the final resulting facts reached by the process of logical reasoning from evidentiary facts.

2. **Rules of Civil Procedure § 52.1— revocation of sign permit—conclusions of law not supported by findings of fact**

    In a *de novo* superior court review of a DOT decision to revoke petitioner's sign permit, the trial court's conclusions that DOT's decision did

not violate constitutional provisions, was in accordance with statutory rules and regulations, and was not affected by other errors of law were not supported by the findings where those findings revealed only that DOT was authorized to regulate outdoor advertising, that petitioner had been issued a permit, and that respondent's actions were not affected by other errors of law. A bare conclusion unaccompanied by the supporting grounds for that conclusion does not comply with N.C.G.S. § 1A-1, Rule 52(a)(1).

**3. Administrative Law § 8— de novo review of Department of Transportation decision — scope of review — findings**

Although N.C.G.S. § 136-134.1 limits the scope of the findings of fact and conclusions of law which can be made, it does not limit the requirements for properly setting forth findings and conclusions, and a trial court's determination that a DOT decision to revoke a sign permit was constitutional, in accordance with statutes and regulations, and unaffected by other errors of law was not based on proper findings of fact and was remanded.

APPEAL by petitioner from *Hight (Henry W., Jr.), Judge.* Judgment entered 2 July 1987 in Superior Court, WAKE County. Heard in the Court of Appeals 3 March 1988.

Petitioner, a North Carolina corporation engaged in the construction and maintenance of outdoor advertising signs, petitioned the trial court pursuant to G.S. 136-134.1 for a *de novo* review of the Department of Transportation's (DOT) revocation of a sign permit issued by DOT to petitioner for a sign located on Interstate 40 (I-40) in McDowell County. On 14 July 1987, the trial court entered an order upholding DOT's decision. Petitioner appeals.

The record reveals that on 13 June 1973 DOT issued petitioner a permit for an outdoor advertising sign situated along I-40 in McDowell County. On 8 October 1985, the district engineer for DOT notified petitioner by letter that petitioner's permit was being revoked and that petitioner must remove the sign. The district engineer set forth as grounds for the revocation petitioner's alleged replacement or rebuilding of the sign in contravention of rules and regulations governing outdoor advertising. In response, petitioner, through its president, forwarded a letter to respondent dated 7 November 1985 requesting a review of the matter. Petitioner explained that in conformity with its customary practice, petitioner's employees had removed the face of the sign in order to facilitate changes needed for a new advertising client. While making these changes, a decision was made to replace and

remove the worn signposts and relocate the sign further away from I-40 a distance of three to five feet. Petitioner stated that the decision to move the sign was prompted by vandalism problems. Petitioner also stated that the alterations did not increase the total allowed area of the sign or increase the value of the sign over the "50% repair rule" limit under DOT's regulation 9A N.C.A.C. 2E.0210(13). Respondent affirmed the district engineer's decision.

*Bailey & Dixon, by Kenneth Wooten and Patricia Kerner, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas H. Davis, Jr., for respondent-appellee.*

SMITH, Judge.

[1] By its fourth and fifth assignments of error, petitioner contends that the trial court erred in failing to make findings of fact and conclusions of law necessary to decide the issues raised. Specifically, it alleges that the findings of fact set forth by the trial court amount only to a recitation of the evidence. We agree.

G.S. 136-134.1 provides in pertinent part:

Any person who is aggrieved by a final decision of the Secretary of Transportation after exhausting all administrative remedies made available to him . . . is entitled to judicial review of such decision . . . .

The review . . . shall be conducted by the [Superior] court without a jury and shall hear the matter de novo pursuant to the rules of evidence as applied in the General Court of Justice.

Therefore, pursuant to G.S. 136-134.1, petitioner is entitled to a non-jury *de novo* review of the DOT decision by the Superior Court. " 'The word "*de novo*" means fresh or anew; for a second time . . . . [A] *de novo* trial . . . is a trial had as if no action whatever had been instituted.' " *In re Hayes*, 261 N.C. 616, 622, 135 S.E. 2d 645, 649 (1964), *quoting In re Farlin*, 350 Ill. App. 328, 112 N.E. 2d 736 (1953). A *de novo* review vests the superior court " 'with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed original-

ly in that court.' " *Id.* at 622, 135 S.E. 2d at 649, *quoting Lone Star Gas Co. v. State*, 137 Tex. 279, 153 S.W. 2d 681 (1941), *motion denied, Ex Parte State of Texas*, 315 U.S. 8, 86 L.Ed. 579, 62 S.Ct. 418 (1942); *Warren v. City of Asheville*, 74 N.C. App. 402, 405-406, 328 S.E. 2d 859, 862, *disc. rev. denied*, 314 N.C. 336, 333 S.E. 2d 496 (1985). This means that the court must hear the merits of plaintiff's case without any presumption in favor of DOT's decision. *Hayes, supra.*

Additionally, G.S. 1A-1, Rule 52(a)(1) requires a trial judge sitting without a jury, as in the case at bar, to "find the facts specifically and state separately [his] conclusions of law . . . and direct the entry of the appropriate judgment." The findings of fact required under G.S. 1A-1, Rule 52(a)(1) must be more than evidentiary facts; they must be specific ultimate facts sufficient enough for an appellate court to determine if the judgment is supported by the evidence. *Montgomery v. Montgomery*, 32 N.C. App. 154, 231 S.E. 2d 26 (1977). "[E]videntiary facts are those subsidiary facts required to prove the ultimate facts." *Woodward v. Mordecai*, 234 N.C. 463, 470, 67 S.E. 2d 639, 644 (1951). Ultimate facts are the final resulting effect reached by processes of logical reasoning from the evidentiary facts. *Id.* The findings of fact made by the court in this case are not the "ultimate facts" required by G.S. 1A-1, Rule 52(a)(1). For the greater part, they are only recitations of the evidence. They merely set forth, sometimes verbatim, the contents of letters exchanged between petitioner and respondent. Clearly, they do not reflect the "processes of logical reasoning" required by G.S. 1A-1, Rule 52(a)(1).

[2] Further, the trial court's conclusions of law are not supported by the findings of fact. G.S. 1A-1, Rule 52(a)(1) requires that conclusions of law be based on the facts found. Petitioner, in its petition, alleged that DOT's decision denied it due process under the United States and North Carolina constitutions. Yet, the court's findings are devoid of facts which would support the court's conclusion of law that DOT's decision was not in violation of constitutional provisions. Neither are there findings of fact which would support the court's other conclusions that the administrative decision was in accordance with statutory rules and regulations and that respondent's actions were not affected by other errors of law. All that the findings reveal is that DOT was authorized to regulate outdoor advertising, that petitioner had

been issued a permit and that respondent revoked petitioner's permit by reason of the rebuilding of petitioner's non-conforming sign.

"A 'conclusion of law' is the court's statement of the law which is determinative of the matter at issue [and] . . . must be based on the facts found by the court." *Montgomery*, 32 N.C. App. at 157, 231 S.E. 2d at 28-29. A bare conclusion unaccompanied by the supporting grounds for that conclusion does not comply with G.S. 1A-1, Rule 52(a)(1). *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E. 2d 102 (1975). In its conclusions of law, the trial court must conclude on the basis of the ultimate facts found whether there is any violation of a specific constitutional, statutory or regulatory provision. The trial court should then appropriately make a determination as to whether the respondent's decision should be affirmed, modified or reversed and enter judgment accordingly. Such findings of fact and conclusions of law are necessary so that this Court may review the trial court's decision and test the correctness of its judgment. *Quick v. Quick*, 305 N.C. 446, 290 S.E. 2d 653 (1982).

[3] Respondent correctly contends that although a review of a final agency decision is *de novo*, the trial court is still limited by G.S. 136-134.1 in the scope of its review. G.S. 136-134.1 states in pertinent part:

> The court, after hearing the matter may affirm, reverse or modify the decision if the decision is:
>
> (1) In violation of constitutional provisions; or
>
> (2) Not made in accordance with this Article or rules or regulations promulgated by the Department of Transportation; or
>
> (3) Affected by other error of law.

However, this does not circumvent the requirements of G.S. 1A-1, Rule 52(a)(1). G.S. 136-134.1 limits the scope of the findings of fact and conclusions of law which can be made; it does not limit the requirements for properly setting forth such findings and conclusions. The trial court's determination that DOT's decision is constitutional, is in accordance with statutes and regulations, or is affected by errors of law must be based on proper findings of

Johnson v. Div. of Social Services

fact. In this case, such findings were not made. For the foregoing reasons, we remand this case to the trial court for such findings of fact and conclusions of law as may be appropriate and consistent with this opinion. In light of our holding, we find it unnecessary to address petitioner's remaining assignments of error.

Remanded.

Judges EAGLES and COZORT concur.