IN THE MATTER OF: B.W.
No. COA05-741
North Carolina Court of Appeals
Filed February 21, 2006
This case not for publication
Orange County No. 03 J 163.
No brief filed for petitioner-appellee Orange County Department of Social Services.
Winifred H. Dillon, for respondent-appellant.
TYSON, Judge.
Sharon Rutherford ("respondent") appeals from the trial court's order determining a permanent plan for her minor child, B.W. We reverse and remand.

I. Background
On 18 December 2003, Orange County Department of Social Services ("DSS") filed a petition alleging B.W. was abused and neglected after B.W. arrived at school with bruises on her face and reported respondent had hit her. The petition also alleged DSS had been involved with the family for three prior years due to previous allegations of abuse. DSS obtained non-secure custody of B.W.
The court adjudicated B.W. abused on 29 January 2004 and ordered custody of B.W. to remain with DSS. The court ordered respondent to complete a psychological examination, complete parenting classes, complete an anger management class, and attend therapy. The case was reviewed on 1 April 2004, custody was continued with DSS, and respondent was ordered to have no contact with B.W.
A permanency planning hearing was held on 1 July 2004. DSS reported respondent had "made a great deal of progress since the last court review." Respondent had cooperated with DSS and the guardian ad litem, completed anger management and parenting classes, completed a psychological evaluation, and completed an intake appointment for therapy. The court ordered that respondent's visitation and telephone contact with B.W. be resumed "once [she] has addressed her legal charges." Respondent was ordered to continue with parenting classes, to participate in individual therapy, and to follow the recommendations made by DSS and the guardian ad litem program.
The case was reviewed on 2 September 2004. DSS reported respondent had not attended any individual therapy sessions, although she was attempting to enroll in therapy in Burke County. DSS believed respondent needed to attend therapy in Orange County for "consistency and monitoring." The guardian ad litem's report stated that respondent "has taken very proactive, cooperative steps." In addition to conditions previously ordered, the court ordered respondent to complete dialectical behavior therapy.
The case was again reviewed on 2 December 2004. Respondent submitted a report she wrote in which she described how she had complied with the court's recommendations. The Court ceased contact between respondent and B.W. pending the next hearing.
The permanency planning hearing from which respondent appeals was held on 6 January 2005. In its findings of fact, the trial court stated:
10. The best plan of care for the juvenile to achieve a safe, permanent home is guardianship with her paternal grandparents, or, in the alternative, custody with a relative once the juvenile's mental health issues have been addressed.
The Court concluded:
3. Reasonable efforts to prevent or eliminate the need for placement of the juvenile have been made by the Orange County Department of Social Services and are enumerated in the above Findings of Fact.
4. The permanent plan as set forth above is made within the time prescribed by law, is appropriate and is in the juvenile's best interest.
The court ordered DSS to make reasonable efforts to place B.W. in a timely manner in accordance with the permanent plan and take the necessary steps to finalize the permanent placement of B.W. Respondent appeals.

II. Issues
Respondent argues: (1) the trial court's findings of fact are not supported by any competent evidence presented at the hearing; (2) the trial court erred in declining to hear testimony from B.W. and otherwise failed to solicit information at the hearing sufficient for the court to make the findings required by N.C. Gen. Stat. § 7B-907 or to make a considered decision regarding B.W.'s best interests; (3) the trial court's permanency planning order failed to make findings required by N.C. Gen. Stat. § 7B-907(b); (4) the trial court's conclusion that guardianship with B.W.'s paternal grandparents is the permanent plan in the best interest of B.W. is not supported by the trial court's findings of fact; and (5) the trial court's oral and written orders fail to state with specificity the terms of the judgment.

III. Specificity of the Trial Court's Order
Respondent argues the trial court's oral and written orders fail to state with specificity the terms of the judgment. We agree.
"The purpose of the permanency planning hearing shall be to develop a plan to achieve a safe, permanent home for the juvenile within a reasonable period of time." N.C. Gen. Stat. § 7B-907(a) (2003). If the juvenile is not returned home at the conclusion of the permanency planning hearing, the court shall consider the factors set forth in N.C. Gen. Stat. § 7B-907(b) (2003) and "make written findings regarding those that are relevant." Those factors include:
(1) Whether it is possible for the juvenile to be returned home immediately or within the next six months, and if not, why it is not in the juvenile's best interests to return home[.]
N.C. Gen. Stat. § 7B-907(b) (emphasis supplied). At the conclusion of the permanency planning hearing, "the judge shall make specific findings as to the best plan of care to achieve a safe, permanent home for the juvenile within a reasonable period of time." N.C. Gen. Stat. § 7B-907(c) (2003) (emphasis supplied).
If the court determines the juvenile cannot be returned home immediately or within the next six months, the court must make written findings why the juvenile cannot be returned home. N.C. Gen. Stat. § 7B-907(b)(1).
When a trial court is required to make findings of fact, it must make the findings specially. See In re Anderson, 151 N.C. App. 94, 96, 564 S.E.2d 599, 601 (2002). The trial court may not simply "recite allegations," but must through "' processes of logical reasoning from the evidentiary facts'" find the ultimate facts essential to support the conclusions of law. Anderson, 151 N.C. App. at 97, 564 S.E.2d at 602 (quoting Appalachian Poster Advertising Co. v. Harrington, 89 N.C. App. 476, 479, 366 S.E.2d 705, 707 (1988)).
In re Harton, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003).
It is reversible error for the trial court to enter a permanency planning order that continues custody with DSS without making proper findings as to the relevant statutory criteria. This rule applies even if the evidence and reports in this case might have supported the determination of the trial court.
In re M.R.D.C., 166 N.C. App. 693, 695-96, 603 S.E.2d 890, 892 (2004) (internal citations and quotation marks omitted).
It its oral rendition of judgment the trial court ordered that reunifications efforts cease, but made no findings of fact or conclusions of law. The trial court's written order incorporates by reference the recommendations of DSS and the guardian ad litem regarding the permanent plan. The Court must specify what is ordered and the factual basis for its rulings. Harton, 156 N.C. App. at 660, 577 S.E.2d at 337.
The trial court found:
5. It is not possible for the juvenile to be returned home in the immediate future or within the next six (6) months and in support thereof, the court specifically finds:
a. Respondent/mother was arrested and charged with misdemeanor child abuse in January 2003. She was offered a deferred agreeement for 3 months if she would comply with all requirements of her OCDSS plan. She did comply and the case was dismissed. She was arrested again and charged with misdemeanor child abuse in September, 2003. She was offered another deferred agreement but this time did not comply. Respondent/mother is scheduled to be in Court on misdemeanor child abuse charges on January 31, 2005.
b. Respondent/mother has only recently begun to take active steps toward addressing her mental health issues.
c. Respondent/father stated that he does not have a father/daughter relationship with the juvenile and expressed an interest that the juvenile live with his parents.
d. The juvenile has been in the custody of OCDSS since December 17, 2003.
The written order does not specifically direct that reunification efforts cease. The trial court's findings are insufficient to specifically explain why it is not in the juvenile's best interest to return home. N.C. Gen. Stat. § 7B-907(b)(1). According to DSS's argument at the permanency planning hearing, the issue was B.W.'s safety if she were returned to respondent's home. The fact that respondent was scheduled to be in court on a misdemeanor child abuse charge, standing alone, does not specifically explain whether it is possible for B.W to safely return home. Respondent is presumed to be innocent of the pending criminal charges until a final conviction on those charges. Delo v. Lashley, 507 U.S. 272, 278, 122 L. Ed. 2d 620, 628 (1993). Likewise, the fact that respondent "has only begun to take active steps toward addressing her mental health issues" does not specifically relate to the issue of B.W.'s safety. Finding number 5(c) that respondent-father has no father-daughter relationship with B.W. and has expressed interest for B.W. to live with his parents, and finding number 5(d) that the juvenile has been in DSS custody since 17 December 2003 are wholly irrelevant to the determination of whether it is possible for B.W. to be returned home immediately or within the next six months. The trial court's permanency planning order fails to comply with N.C. Gen. Stat. §§ 7B-907(b) and (c).

IV. Conclusion
The trial court's permanency planning order does not contain sufficient findings of fact to comply with N.C. Gen. Stat. §§ 7B-907(b) and (c) to support its conclusions of law. The trial court's order is reversed and remanded for specific findings consistent with this opinion. "It is within the trial court's discretion to allow additional evidence prior to making findings of fact and conclusions of law." In re J.S., 165 N.C. App. 509, 514, 598 S.E.2d 658, 662 (2004) (citing In re Anderson, 151 N.C. App. 94, 100, 564 S.E.2d 599, 603 (2002)). In light of our decision we do not address respondent's remaining assignments of error. Reversed and Remanded.
Judges HUDSON and GEER concur.
Report per Rule 30(e).