Seraph Garrison, LLC v. Garrison, 2016 NCBC 63.

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>11 CVS 14182 |
| MECKLENBURG COUNTY | |

SERAPH GARRISON, LLC,
derivatively on behalf of GARRISON
ENTERPRISES, INC.,

       Plaintiff,

  v.

CAMERON GARRISON,

       Defendant,

  and

GARRISON ENTERPRISES, INC.,

       Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER AND JUDGMENT ON REMAND
FROM THE NORTH CAROLINA
COURT OF APPEALS**

1. **THIS MATTER** is before the Court following remand from the decision of the North Carolina Court of Appeals, issued April 19, 2016. *Seraph Garrison, LLC v. Garrison*, ___ N.C. App. ___, 787 S.E.2d 398 (2016). Consistent with the Court of Appeals' decision, the Court now considers the issue of damages, and awards damages to Plaintiff based on the findings and conclusions set forth in this Order.

> *Hamilton Stephens Steele + Martin, PLLC by Erik M. Rosenwood and L. Lin Wood, P.C. by Nicole Jennings Wade (pro hac vice) for Plaintiff Seraph Garrison, LLC, derivatively on behalf of Garrison Enterprises, Inc.*

> *Cameron Garrison, pro se.*

Robinson, Judge.

## I.   SUMMARY OF PROCEDURAL HISTORY

2.      The Honorable Calvin E. Murphy presided over a bench trial in this matter on June 9, 2014.  Judge Murphy issued an Order and Final Judgment dated June 26, 2014, denying Plaintiff any recovery on behalf of Nominal Defendant Garrison Enterprises, Inc. ("GEI").  *Seraph Garrison, LLC v. Garrison*, 2014 NCBC LEXIS 28 (N.C. Super. Ct. June 26, 2014).  Plaintiff appealed.  On appeal, the North Carolina Court of Appeals affirmed in part and reversed in part Judge Murphy's Order and Final Judgment, and remanded the matter to this Court for further proceedings.

3.      The case was reassigned to the undersigned by order dated July 5, 2016.  The Court scheduled, properly noticed, and conducted a status conference on July 8, 2016.  Counsel for Plaintiff appeared and participated in the status conference.  Defendant did not appear at the status conference, either personally or through counsel.  At the status conference, the Court discussed with counsel the most efficient way to proceed regarding the claims that remain for determination following the Court of Appeals' decision.  Plaintiff confirmed its desire to waive a jury trial and to have this matter decided by the Court, sitting as a trier of fact, based on the existing evidentiary record.  Defendant, having failed to appear at the original trial before Judge Murphy, was and still is deemed to have waived his right to a jury trial.  Plaintiff further indicated during the status conference that it did not wish to present further evidence for the Court's consideration but wished to file a memorandum of law setting forth its contentions regarding damages to which GEI is entitled.  Thus,

the Court elects to proceed without a jury and without the presentation of additional evidence.

4. Following the status conference, the Court entered a Scheduling Order on July 8, 2016, directing Plaintiff to submit to the Court by July 29, 2016, any supplemental briefing relating to Plaintiff's damage claims. The Scheduling Order provided Defendant the opportunity to respond to Plaintiff's supplemental brief by August 22, 2016. Plaintiff filed its supplemental brief on July 29, 2016. Defendant failed to timely submit any filing and has not otherwise responded.

## II.   LEGAL STANDARD

5. "On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure from the mandate of the appellate court." *Collins v. Simms*, 257 N.C. 1, 11, 125 S.E.2d 298, 306 (1962).

6. Further, because the Court has elected to proceed without a jury, the Court is required to "find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2015). The Court is not required to recite all facts supported by the evidence, but it must find and state the ultimate facts that support the judgment. *See Appalachian Poster Advert. Co. v. Harrington*, 89 N.C. App. 476, 479, 366 S.E.2d 705, 707 (1988). The Court's conclusions of law must be based on facts found by the Court. *Id.* at 480, 366 S.E.2d at 707.

7.     "[A]ny determination requiring the exercise of judgment or the application of legal principles is more properly classified a conclusion of law," while a "determination reached through logical reasoning from the evidentiary facts is more properly classified a finding of fact." *Barnette v. Lowe's Home Ctrs., Inc.*, ___ N.C. App. ___, 785 S.E.2d 161, 165 (2016) (quoting *In re Helms*, 127 N.C. App. 505, 510, 491 S.E.2d 672, 675 (1997)).  Labels are not determinative, however; findings of fact are treated as findings of fact, and conclusions of law are treated as conclusions of law.  *Id.* (citing *N.C. State Bar v. Key*, 189 N.C. App. 80, 88, 658 S.E.2d 493, 499 (2008) ("[C]lassification of an item within [an] order is not determinative, and, when necessary, the appellate court can reclassify an item before applying the appropriate standard of review.")).

8.     Hereinafter, the Court sets forth its findings of fact and conclusions of law.  To the extent that any finding of fact is more properly classified as a conclusion of law, or vice versa, the Court deems that the finding of fact or conclusion of law be properly reclassified.

### III.     FINDINGS OF FACT

9.     Based on the record evidence presented by Plaintiff at the original trial, as well as other matters of record properly considered by the Court, including the transcript of the original trial of this case, the Court makes the following findings of fact:

10. GEI, the nominal defendant in this matter, is a North Carolina corporation that provides health-inspection software for businesses and government agencies.

11. Plaintiff Seraph Garrison, LLC is a North Carolina limited-liability company. Plaintiff has been a shareholder of GEI since May 1, 2007. Plaintiff fairly and adequately represents the interests of GEI in this litigation, which is brought as a derivative proceeding.

12. Until his termination on or about December 31, 2010, Defendant Cameron Garrison served as President and CEO of GEI. In that capacity, as found by Judge Murphy and affirmed by the Court of Appeals, Defendant engaged in a number of acts involving serious and intentional misconduct that constituted fraud and breaches of Defendant's fiduciary duties to GEI. That misconduct falls broadly into two categories and includes (1) failing to pay withholding taxes and retirement-plan contributions, which the Court of Appeals found as a matter of law constituted a breach of Defendant's fiduciary duties owed to GEI, and (2) intentionally misrepresenting to the Board of GEI, after pledging to keep the Board informed, the terms of a major contract with Ecolab, which the Court of Appeals found as a matter of law constituted both fraud and a breach of Defendant's fiduciary duties owed to GEI. *Seraph Garrison, LLC*, 787 S.E.2d at 412.

13. The Court of Appeals concluded that, as a proximate result of Defendant's misconduct, GEI suffered significant financial harm. As a result, the

Court of Appeals reversed Judge Murphy's order in part and remanded the matter to this Court to determine the amount of damages properly awarded to GEI. *Id.*

14. In compliance with the Court of Appeals' directive, this Court considered the following categories of damages, among others, in calculating GEI's award of damages. Plaintiff contends that GEI should be awarded damages in the following seven categories and in the amounts noted:

a. $124,451.00 for the loan repayment in connection with Defendant's unjust enrichment or constructive trust;

b. $510,531.00 for diminution of value of GEI proximately resulting from Defendant's breach of fiduciary duties and fraud;

c. $1,079,185.00 for the loss of the annual exclusivity fee as a result of the execution of the less favorable Ecolab contract resulting from Defendant's fraud;

d. $171,143.00 for the termination of preexisting contracts as a result of the execution of the less favorable Ecolab contract resulting from Defendant's fraud;

e. $331,296.00 for lost revenue arising from the execution of the less favorable Ecolab contract resulting from Defendant's fraud;

f. $242,206.00 for expenses incurred by GEI as a result of Defendant's breach of fiduciary duties; and

g. Punitive damages in an amount determined by this Court.

15. At the original trial, Plaintiff introduced evidence relating to each of the above categories of damages in the form of live lay and expert testimony and through documentary exhibits. The Court has carefully reviewed the evidence submitted at trial by Plaintiff and the other matters of record. The Court, as finder of fact, following its careful review of Plaintiff's evidence, determines that Plaintiff has satisfied its burden of proof regarding the first five categories of alleged damages (paragraphs 14(a) through 14(e) of this Order), and that GEI should recover from Defendant for its actual damages proximately caused by Defendant's misconduct the total sum of $2,216,606.00. The Court finds that Plaintiff has failed to adequately carry its necessary burden of proof regarding the claim that GEI should recover from Defendant for increased expenses (paragraph 14(f) of this Order).

16. It should be noted that, in the Court of Appeals' conclusion, the amount that Plaintiff is entitled to recover for Defendant's unjust enrichment or constructive fraud is stated as $124,521.00 rather than $124,451.00. *Id.* The Court believes that number to be the result of a typographical error, and thus awards $124,451.00 for this claim, as noted above. *See id.* at 410 ("As to the $124,451 loan repayment . . . ."); *Seraph Garrison, LLC*, 2014 NCBC LEXIS 28, at *10 (noting Plaintiff's losses in connection with the loan repayment as $124,451.00); Brief of Plaintiff–Appellant at 29, *Seraph Garrison, LLC*, 787 S.E.2d 398 (No. COA14-1166) ("Garrison is not entitled to retain the funds that he used to repay his own loan in the amount of $124,451.").

17. Plaintiff contends that, based on the evidence of Defendant's fraud and breach of fiduciary duties, GEI is also entitled to recover punitive damages.

18. Under North Carolina law, punitive damages may be awarded "to punish wrongdoers for misconduct of an aggravated, extreme, outrageous, or malicious character." *Rhyne v. K-Mart Corp.*, 149 N.C. App. 672, 687, 562 S.E.2d 82, 93 (2002) (quoting *Nance v. Robertson*, 91 N.C. App. 121, 123, 370 S.E.2d 283, 284 (1988)), *aff'd*, 358 N.C. 160, 594 S.E.2d 1 (2004). Pursuant to the controlling statute, a party seeking punitive damages must prove two things. First, the claimant must prove that the defendant is liable for compensatory damages. N.C. Gen. Stat. § 1D-15(a) (2015). Second, the claimant must prove that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) fraud, (2) malice, or (3) willful or wanton conduct. *Id.* The aggravating factor must be proved by "clear and convincing evidence." *Id.* § 1D-15(b).

19. The Court finds that Plaintiff has satisfied its burden of proof on the issue of entitlement to punitive damages. First, the Court finds that Plaintiff has proved by clear and convincing evidence that Defendant engaged in fraudulent and other wrongful conduct, including multiple breaches of fiduciary duties. Second, the Court finds that Defendant's conduct in this regard was intentional, willful and wanton, and was aggravated, extreme, outrageous, and malicious. As a result, GEI is entitled to recover punitive damages under section 1D-15.

20. Once a claimant satisfies its burden of proof on the issue of punitive damages, the amount of punitive damages to be awarded rests in the sound discretion of the jury or trial court as finder of fact. In determining the amount of punitive damages to be awarded, the Court may consider, among other statutorily enumerated factors, the reprehensibility of and motives for Defendant's conduct and the actual harm suffered by Plaintiff. *See id.* § 1D-35(2)(a), (e). The United States Supreme Court has instructed courts to consider the following guideposts in reviewing requests and awards for punitive damages:

> (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). The Supreme Court has further noted that "[p]erhaps the most important indicium of the reasonableness of a punitive damages award is the degree of reprehensibility of the defendant's conduct." *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 575 (1996).

21. The Court, having carefully reviewed the evidence regarding Defendant's conduct, finds that $1,500,000.00 is an appropriate and proper amount to award for punitive damages.

## IV.  CONCLUSIONS OF LAW

22. Based on the foregoing findings of fact, the Court makes the following conclusions of law:

23. This action is a proper derivative action under North Carolina law. *See* N.C. Gen. Stat. § 55-7-40 to -50 (2015).

24. The Court has personal and subject-matter jurisdiction over the parties and claims.

25. GEI was damaged as a proximate result of Defendant's breaches of fiduciary duties and fraud. Further, as a result of Defendant's breaches of fiduciary duties, Defendant has been unjustly enriched.

26. GEI is entitled to recover from Defendant the sum of $2,216,606.00 for actual damages.

27. Because of Defendant's intentional, willful and wanton misconduct, which has caused GEI to sustain actual damages, GEI is entitled to recover from Defendant the sum of $1,500,000.00 in punitive damages.

## V. JUDGMENT

28. Based on the above findings of fact and conclusions of law, the Court determines that GEI is entitled to, and is hereby awarded, a judgment against Defendant in the total amount of $3,716,606.00, together with interest at the legal rate, to be accrued from the date of this Order.

29. The costs of this action are taxed to Defendant.

SO ORDERED, this the 24th day of August, 2016.

/s/ Michael L. Robinson
_____
Michael L. Robinson
Special Superior Court Judge
  for Complex Business Cases