IN RE: MERCEDES LAURNETTA ANDERSON AND CRYSTAL SHANELLE CLEO ANDERSON, MINORS

No. COA01-885

(Filed 18 June 2002)

**1. Termination of Parental Rights— second hearing—no evidence presented—prior ruling unchanged**

The trial court did not err in a termination of parental rights proceeding by requiring the father to present evidence where an initial order had terminated parental rights and the parties had agreed in a consent order to set aside the first order and to hold a new dispositional hearing. Since the consent order states that the reason for setting aside the prior disposition was to allow the parties to present additional evidence, the second hearing was in effect a continuation hearing and it was not error for the trial court to decide that the prior ruling should be left unchanged because no new evidence was presented.

**2. Termination of Parental Rights— findings—mere allegations**

An order terminating parental rights was reversed where the court's findings were mere recitations of allegations. Moreover, the findings were insufficient in that they did not adequately address respondent's ability to pay, the children's reasonable needs, willfulness, or lack of reasonable progress under the circumstances following the removal of the children.

Appeal by respondent father from judgments entered 31 July 2000 and 27 December 2000 by Judge John L. Whitley in Wilson County District Court. Heard in the Court of Appeals 14 March 2002.

*Stanley G. Abrams for respondent-appellant.*

*Beaman and King, P.A., by Charlene B. King, for petitioner-appellee.*

THOMAS, Judge.

This is an appeal by Cleveland Anderson, respondent, from orders terminating his parental rights to Mercedes Laurnetta Anderson and Crystal Shanelle Cleo Anderson.

By three assignments of error, Anderson contends the trial court erred: (1) in requiring him to put on additional evidence to change a prior order of termination that had been set aside; (2) in concluding

that grounds exist to terminate his parental rights; and (3) in determining that termination of his parental rights is in the children's best interest. For the reasons herein, we reverse the orders of the trial court and remand for further proceedings consistent with this opinion.

In August of 1998, the Wilson County Department of Social Services (DSS) filed petitions alleging that Mercedes and Crystal were neglected and dependent. At the time, the juveniles resided with their biological mother, Joann Grant. Anderson was not living with them.

The trial court found that Grant stipulated and agreed to an adjudication of neglect and dependency based on the allegations in the petition that the juveniles did not receive proper care, supervision, or discipline from their parents; were not provided necessary medical care; and lived in an environment injurious to their welfare. It further found that Anderson "had recently expressed a desire to take his children into his home [but] has stated he is not able to provide proper care, at this time." Thereafter, DSS obtained custody of Mercedes, then two years old, and Crystal, then six months old.

Shortly after that hearing, social workers met with both parents to develop a plan for reunification and to establish a visitation schedule. Anderson told them he was not interested in obtaining custody and was not capable of meeting the children's needs or caring for them by himself. Consequently, the reunification part of the service plan only involved Grant with Anderson included in the visitation schedule. He did attend some of the visitations but usually stayed for less than the allotted time. Although notified, he did not attend a later meeting on 1 September 1999 to discuss the reunification plan with DSS.

Anderson was employed on a part-time basis while the children were in the custody of DSS. He sporadically paid child support and was $2,627.70 in arrears by the time of the termination hearing.

In September of 1999, the service plan for the children was changed from reunification to adoption. DSS filed petitions in October alleging that grounds exist to terminate parental rights under N.C. Gen. Stat. § 7B-1111(2) and 7B-1111(3) and, by order entered 31 July 2000, Anderson's and Grant's parental rights were terminated.

The parties, however, agreed by consent order filed 13 September 2000 that the earlier order of *disposition* should be set aside with a

further dispositional hearing scheduled. The trial court held the additional hearing in October and concluded in its order filed 27 December 2000 that it was in the best interests of the children that the parental rights be terminated. Anderson appeals.

**[1]** By his first assignment of error, Anderson contends the trial court required him to present additional evidence to change the first order of disposition terminating his parental rights. This occurred, he argues, even though that disposition had been set aside by consent order and a new dispositional hearing ordered. We disagree.

The consent order provides:

2. The parties agree that the Order on Disposition should be set aside and that a further hearing on disposition should be set before The Honorable John L. Whitley to allow the parties to present additional evidence on disposition.

Since the consent order states that the reason for setting aside the prior disposition was to allow the parties to present "additional evidence on disposition," the second dispositional hearing was, in effect, a continuation hearing rather than a hearing *de novo*. Therefore, it was not error for the trial court to decide that, because no new evidence was presented, the prior ruling should be left unchanged. There is no burden of proof on the parties at disposition. None was placed on Anderson here. The trial court correctly interpreted the consent order and we thus reject Anderson's first assignment of error.

**[2]** By his second assignment of error, Anderson contends the trial court erred in concluding that statutory grounds exist to terminate his parental rights. We agree. The trial court's findings of fact, in large part, amount to mere recitations of allegations and provide little support for the conclusions of law.

In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2001). Rule 52(a) requires three separate and distinct acts by the trial court: (1) find the facts specially; (2) state separately the conclusions of law resulting from the facts so found; and (3) direct the entry of the appropriate judgment. *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982). Thus,

the trial court's factual findings must be more than a recitation of allegations. They must be the "specific ultimate facts . . . sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence." *Montgomery v. Montgomery*, 32 N.C. App. 154, 156-57, 231 S.E.2d 26, 28 (1977). "Ultimate facts are the final resulting effect reached by processes of logical reasoning from the evidentiary facts." *Appalachian Poster Advertising Co. v. Harrington*, 89 N.C. App. 476, 479, 366 S.E.2d 705, 707 (1988).

> In summary, while Rule 52(a) does not require a recitation of the evidentiary and subsidiary facts required to prove the ultimate facts, it does require *specific findings* of the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

*Quick*, 305 N.C. at 452, 290 S.E.2d at 658.

Here, the order of adjudication, filed 31 July 2000, contains only three findings of fact. Two merely recite that DSS filed a petition and that service was proper on Anderson and Grant. The third factual finding reads:

> (3) The grounds *alleged* for terminating the parental rights are as follows:

> [The order then lists in subsections a combination of grounds and case history.]

(Emphasis added). As indicated by the word "alleged," the findings are not the "ultimate facts" required by Rule 52(a) to support the trial court's conclusions of law, but rather are mere recitations of allegations. As a result, we are unable to conduct a proper review of the findings.

Even if the factual findings here did not merely recite allegations, they remain insufficient to support the conclusions of law that grounds exist for termination. A termination of parental rights proceeding consists of two phases. *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). In the adjudicatory stage, the petitioner has the burden of establishing by clear and convincing evidence that at least one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111 exists. *Id.* We review whether the trial court's findings of fact are supported by clear and convincing evidence and whether the findings of fact support the conclusions of law. *In re Huff*, 140

N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), *appeal dismissed and disc. review denied*, 353 N.C. 374, 547 S.E.2d 9 (2001).

If the trial court determines that grounds for termination exist, it proceeds to the dispositional stage, and must consider whether terminating parental rights is in the best interests of the child. *Blackburn*, 142 N.C. App. at 610, 543 S.E.2d at 908. The court is required to issue an order terminating the parental rights unless it finds that the best interests of the child indicate that the family should not be dissolved. N.C. Gen. Stat. § 7B-1110(a) (2001); *Blackburn*, 142 N.C. App. at 613, 543 S.E.2d at 910. "While there is no requirement at this dispositional stage for the court to make findings of fact upon the issuance of an order to terminate parental rights, such findings and conclusions must be made upon any determination that the best interests of the child require that rights *not* be terminated." *Id.* We review the trial court's decision to terminate parental rights for abuse of discretion. *In re Mitchell M.*, 148 N.C. App. 483, 490, 559 S.E.2d 237, 242, *temporary stay allowed*, 355 N.C. 349, 561 S.E.2d 891 (2002), *reversed on other grounds*, 356 N.C. 288, 570 S.E.2d 212 (2002).

Here, the trial court listed two statutory grounds for termination. The first ground comports with N.C. Gen. Stat. § 7B-1111(a)(2) (2001):

> Cleveland Anderson . . . willfully left the child[ren] in foster care or placement outside the home for more than 12 months without showing to the satisfaction of the Court that reasonable progress under the circumstances has been made within 12 months in correcting those conditions which led to the removal of the child[ren].

The second comports with section 7B-1111(a)(3) (2001):

> The child[ren] ha[ve] been placed in the custody of a county department of social services, a licensed child-placing agency, or a child-caring institution and the parents, for a continuous period of six months next preceding the filing of the petition and have failed to pay a reasonable portion of the cost of care for the child[ren] although physically and financially able to do so.

Although Anderson does not raise the issue, we note initially that the trial court did not recite what standard of proof it applied at adjudication. Petitioner has the burden of proving by "clear and convincing evidence" that grounds for termination exist. Failure to state that

findings establishing those grounds were made by clear and convincing evidence constitutes error. *In re Lambert Stowers*, 146 N.C. App. 438, 441, 552 S.E.2d 278, 280-81 (2001). We nevertheless address the findings for each alleged ground here.

Under section 7B-1111(a)(3), the trial court is required to make findings of fact concerning the parent's ability to pay and the amount of the child's reasonable needs. *In re Phifer*, 67 N.C. App. 16, 27, 312 S.E.2d 684, 690 (1984). Here, the trial court merely listed as an allegation that:

> d. Cleveland Anderson was ordered to pay child support and has done so sporadically. His arrears balance is $2,627.70. He is employed on a part-time basis earning $7.00 per hour.

Even if this were a proper finding of ultimate fact rather than an allegation, it does not adequately address Anderson's ability to pay or the children's reasonable needs. Therefore, it would be insufficient to establish a ground for termination.

The trial court also failed to find facts necessary to support its conclusions under section 7B-1111(a)(2). The order contains only one finding as to Anderson, again a mere allegation:

> f. Cleveland Anderson was not involved in the facts included in the allegations of neglect. However, he informed the social worker at the time the children were removed that he was unable to care for the children at that time.

The finding does not address any showing of "willfullness" or lack of "reasonable progress under the circumstances," following the initial removal of the children. N.C. Gen. Stat. § 7B-1111(a)(2). It only states Anderson claimed to be unable "at that time," in September of 1998, to take custody of the children. While the statement is some evidence going to establish this ground, it is not determinative. The finding, even if it were not merely an allegation, is therefore insufficient to support the conclusion that under section 7B-1111(a)(2), parental rights may be terminated.

We note that the additional factual findings in the trial court's second and final order of disposition, which are not entirely mere recitations of evidence or allegations, do not cure the deficiencies in the trial court's adjudicatory order. *See Lambert*, 146 N.C. App. at 441-42, 552 S.E.2d at 281. The first order of disposition was set aside, not the adjudication. We therefore hold Anderson's second assignment of error to be meritorious. Accordingly, we do not review

Anderson's last assignment of error. It addresses the trial court's conclusion that termination is in the best interests of the children.

Based on the foregoing, we reverse the trial court's order terminating Anderson's parental rights and remand for proceedings consistent with this opinion. The trial court shall determine whether it is appropriate to allow additional evidence prior to making findings and conclusions.

REVERSED AND REMANDED.

Judges MARTIN and HUDSON concur.