In The Matter of E.A.S.H.
No. COA08-438
Court of Appeals of North Carolina
Filed October 21, 2008
This case not for publication
Office of the Wake County Attorney, by Roger A. Askew, Al Singer, and Scott W. Warren, for Wake County Human Services, petitioner-appellee.
Anthony H. Morris, for guardian ad litem.
Sofie W. Hosford, for respondent-appellant mother.
Lisa Skinner Lefler, for respondent-appellant father.
WYNN, Judge.
Under N.C. Gen. Stat. § 7B-1111(a) (2007), a trial court may terminate parental rights upon a finding of neglect. Here, Respondents, mother and father, argue that the trial court erred in finding that their minor child was neglected and in terminating their parental rights. Because we find that the trial court's findings of fact are supported by clear and convincing evidence, and the findings of fact in turn support the conclusion that the minor child was neglected, we affirm.
Respondents are the biological parents of minor child E.H. On 8 June 2005, Wake County Human Services filed a petition alleging neglect and dependency of minor child E.H. The petition alleged that Respondent-father "is currently homeless and unable to provide care" for the minor child, and Respondent-mother "exhibits mental health problems that contribute to her inability to provide appropriate care" to the minor child. Additionally, the attachment to the petition alleged that a report was received on 8 June 2005 that Respondent-mother and the minor child were physically fighting at the school where Respondent-mother worked and Respondent-mother grabbed the child's face "and shook her head vigorously." An order was filed on 17 October 2005 adjudicating the minor child neglected and dependent.[1]
Wake County maintained legal custody of the minor child throughout subsequent hearings. For reunification to occur, the court ordered Respondents to attend individual counseling, have a psychiatric evaluation if recommended, maintain stable housing and employment, pay child support, comply with the rules of visitation, participate in the minor child's therapy, and cooperate with Wake County Human Services.
Respondent-mother began receiving individual counseling on a regular basis in 2006. Her psychologist, Dr. Adam Adams, testified that Respondent-mother "never endorsed any wrongdoing," and refused to be assessed for medication; therefore, he discontinued treatment. After Respondent-mother brought inappropriate items to her visits with the minor child, the trial court suspended Respondent-mother's visitation with the child by order entered 8 November 2006.
Timothy Wampler, Respondent-father's therapist, testified at the hearing that he had seen Respondent-father for approximately thirty-eight sessions, and although Respondent-father had been diagnosed with Major Depressive Disorder and Post-traumatic Stress Disorder, he had made good progress. However, after a report that Respondent-father was sexually aroused during a visit with the minor child, the court suspended Respondent-father's visits with the minor child by order entered 12 March 2007.
On 25 July 2006, the trial court ordered that reunification efforts with the minor child's parents should cease, and the permanent plan should be "adoption with a concurrent plan of custody with a court approved caretaker." On 18 September 2006, Wake County filed a motion for termination of parental rights of both parents. Respondent-mother petitioned to have the case removed to federal court, but removal was found to be improper and the case was remanded to state court.
After a termination hearing, the trial court terminated the parental rights of Respondents by order entered 7 February 2008. The court found as fact that: the child had not visited with her mother since July 2006 and her father since December 2006; since the removal of the child from Respondent-mother's home, there has been a dramatic, positive change in the child's behavior; the child has made major progress in therapy; the child is stable, and feels loved, safe, and protected; and although foster parents have nocurrent plans to adopt the child and no prospective adoptive family has been identified, she has been able to form a strong bond with her foster parents. The trial court concluded that sufficient grounds existed for the termination of parental rights. Specifically, the court found that both parents neglected the child by failing to comply with court orders or demonstrate the ability to meet the child's needs, and both parents willfully left the child in foster care for more than twelve months. Respondents appeal.
On appeal, Respondent-mother argues the trial court (I) erred by concluding that grounds existed to terminate her parental rights because there was no evidence of neglect or that she willfully left the child in foster care for more than twelve months; (II) abused its discretion by concluding that it was in the child's best interest to terminate her parental rights; and (III) lacked subject matter jurisdiction because the motion for termination of her parental rights failed to allege sufficient facts.
In his appeal, Respondent-father argues the trial court erred by concluding that (I) grounds existed to terminate his parental rights because there was insufficient evidence of neglect and insufficient evidence that he willfully left the child in foster care for more than twelve months; and (II) it was in the minor child's best interest to terminate his parental rights.

Respondent-Mother's Appeal

I.
Respondent-mother first argues the trial court erred by concluding that grounds existed to terminate her parental rights. Specifically, Respondent-mother argues that because she complied with most of the family services case plan, there was no evidence of neglect or that she willfully left her child in foster care for more than twelve months. We disagree.
In the adjudicatory stage of a termination of parental rights proceeding,
the petitioner has the burden of establishing by clear and convincing evidence that at least one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111 exists. We review whether the trial court's findings of fact are supported by clear and convincing evidence and whether the findings of fact support the conclusions of law.
In re Anderson, 151 N.C. App. 94, 97-98, 564 S.E.2d 599, 602 (2002) (citations omitted). "Clear, cogent, and convincing evidence `is greater than the preponderance of the evidence standard required in most civil cases, but not as stringent as the requirement of proof beyond a reasonable doubt required in criminal cases.'" In re A.D.L., 169 N.C. App. 701, 710, 612 S.E.2d 639, 645 (citing In re Montgomery, 311 N.C. 101, 109-10, 316 S.E.2d 246, 252 (1984), disc. review denied, 359 N.C. 852, 619 S.E.2d 402 (2005)).
A trial court may terminate parental rights upon a finding of neglect. N.C. Gen. Stat. § 7B-1111 (2007). A neglected juvenile is defined as one
who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juveniles welfare; or who has been placed for care or adoption in violation of law.
Id. § 7B-101. Although a prior adjudication of neglect may be considered by the trial court in ruling upon a later petition to terminate parental rights, "[t]he trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect." In re Ballard, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984) (citation omitted).
Here, Respondent-mother argues there was insufficient evidence of neglect at the time of the termination hearing because she complied with the case plan by attending visitations with the minor child, bringing the minor child snacks and gifts, and attending therapy sessions and parenting classes. Respondent-mother challenges, inter alia, the trial court's findings that Respondent-mother: did not successfully engage in individual counseling or have a psychiatric evaluation as ordered by her counselor, and therefore could not participate in the minor child's therapy; maintains that she does not have any mental health conditions other than stress brought about by the removal of the minor child from the home; failed to comply with some of the visitation rules and did not consistently demonstrate appropriate parenting skills during visitation; and has not attended a treatment team meeting since summer 2007.
After a review of the transcript and record, we find that the trial court properly considered the prior adjudication of neglect, the case history, and the current circumstances to find by clear and convincing evidence that the minor child was neglected. Indeed, Kimberly Newsome, the social worker assigned to the minor child, testified that Respondent-mother violated visitation rules in 2006 by initiating physical contact with the minor child on multiple occasions and giving the child Respondent-mother's phone number and address. Ms. Newsome also testified that Respondent-mother attended treatment meetings sporadically after her visitation was suspended. During treatment meetings she attended, rather than provide feedback, Respondent-mother would make "comments about people having lies and there being a conspiracy against her[.]" Additionally, Respondent-mother's psychologist, Dr. Adams, testified that Respondent-mother refused a psychiatric medication assessment, and because she failed to take responsibility for difficulty with her daughter, he had to discontinue treatment. Because Respondent-mother failed to participate in individual therapy, she could not participate in joint sessions with the minor child. These testimonies provided clear and convincing evidence to support the trial court's findings of fact, which in turn support its conclusion that the minor child was neglected.
"A finding of one statutory ground is sufficient to support the termination of parental rights. Upon a finding that at least one statutory ground for termination exists, the district court proceeds to the disposition stage[.]" In re A.D.L., 169 N.C. App. at 710, 612 S.E.2d at 645. Because we have found that the trial court did not err by concluding that the minor child was neglected, we will not address Respondent-mother's contention that the trial court erred by concluding that she willfully left her child in foster care for more than twelve months.

II.
Respondent-mother next argues the trial court abused its discretion by concluding that it was in the child's best interest to terminate her parental rights. We disagree.
In the dispositional stage of a termination of parental rights proceeding, the trial court "must consider whether terminating parental rights is in the best interests of the child. . . . We review the trial court's decision to terminate parental rights for abuse of discretion." In re Anderson, 151 N.C. App. at 98, 564 S.E.2d at 602 (citations omitted). In determining whether terminating parental rights is in the child's best interest, a court must consider: (1) the age of the juvenile; (2) the likelihood of adoption of the juvenile; (3) whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile; (4) the bond between the juvenile and the parent; (5) the quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement; and (6) any relevant consideration. N.C. Gen. Stat. § 7B-1110 (2007).
Here, the trial court found that the minor child was nine years old at the time of the hearing, and although no prospective adoptive home has been identified, she had formed a strong bond with her foster family and feels loved, safe, and protected, and it is highly likely that she will be adopted. The trial court also found that the minor child has made major progress in therapy, and went from appearing socially backward to having many friends and considering herself to be popular. Finally, the trial court found that adoption is the permanent plan for the minor child and the termination of parental rights will aid in accomplishing that plan. Additionally, at the hearing, Ms. Newsome testified that although Respondent-mother and the minor child had a "mother-daughter bond," "there were still safety issues." Ms. Pirri, the minor child's therapist, testified that the minor child is no longer on medication, is calm, and enjoys school. Ms. Pirri stated that at this point, the minor child needs permanency and wants "a forever family."
Although Respondent-mother argues that she had a substantial bond with the minor child, based on the trial court's findings of fact and the record, we hold that the trial court did not abuse its discretion in terminating Respondent-mother's parental rights.

III.
Respondent-mother also argues that the trial court lacked subject-matter jurisdiction because the motion for termination of her parental rights failed to allege sufficient facts to warrant a determination that grounds existed for the termination of her parental rights. We disagree.
Section 7B-1104 of the North Carolina General Statutes states that a petition for termination of parental rights shall state "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6). "While there is no requirement that the factual allegations be exhaustive or extensive, they must put a party on notice as to what acts, omissions or conditions are at issue."In re Hardesty, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002).
Here, although the petition lists only the statutory grounds for the termination of Respondent-mother's parental rights, attached to the petition are eight exhibits, including two custody orders, an order on adjudication and disposition, and three juvenile orders after review and permanency planning hearings. Because the petition incorporates seven attached orders and the orders state sufficient facts to warrant such a determination, this assignment of error is overruled. See In re Quevedo, 106 N.C. App. 574, 579, 419 S.E.2d 158, 160 (1992) ("We agree with respondent that petitioners' bare recitation in paragraphs A and B of the alleged statutory grounds for termination does not comply with the [statutory] requirement[.] . . . However, the petition incorporates an attached custody award, dated 8 August 1988, and the custody award states sufficient facts to warrant such a determination.").

Respondent-Father's Appeal

I.
Respondent-father first argues that the trial court erred by concluding that grounds existed to terminate his parental rights because Wake County failed to prove neglect by clear and convincing evidence. We disagree. In reviewing the adjudication phase of a termination of parental rights proceeding, this Court reviews "whether the trial court's findings of fact are supported by clear and convincing evidence and whether the findings of fact support the conclusions of law." In re Anderson, 151 N.C. App. at 97, 564 S.E.2d at 602 (citation omitted). As noted above, a trial court may terminate parental rights upon a finding of neglect. See N.C. Gen. Stat. §§ 7B-1111 & -101(15) (defining "neglected juvenile"). Where a child has not been in the custody of the parent for a significant period of time prior to the termination hearing, "a trial court may find that grounds for termination exist upon a showing of a history of neglect by the parent and the probability of a repetition of neglect." In re L.O.K., 174 N.C. App. 426, 435, 621 S.E.2d 236, 242 (2005) (citation & internal quotation marks omitted).
Here, the trial court found that Respondent-father: has admitted throughout the case that he was unable to provide care for his child; has a long history of unemployment, unstable employment, and unstable housing; only recently obtained suitable housing; often did not demonstrate appropriate parenting skills during visitation; and has not consistently engaged in the child's therapy sessions or team meetings. Respondent-father challenges these and other findings of fact as not supported by sufficient evidence; however, we find that the record contains sufficient evidence to support the trial court's findings of fact.
At the hearing, Ms. Pirri testified that Respondent-father participated in some joint therapy sessions with the minor child, but "had some attendance problems and some difficulty with some of the issues that we were dealing with; and, during one of the sessions, [the minor child] demonstrated some sexualized behavior[.]" Respondent-father testified that throughout the case, he lived in a storage shed and in other people's homes, but had obtained a two-bedroom apartment three weeks before the hearing. He also admitted that he had not been able to afford an apartment of his own when he was working full-time, making $10 per hour, and receiving $400 per month from Veteran's Administration. Based on the testimony of Ms. Pirri and Respondent-father, we find that clear and convincing evidence exists to support the trial court's findings of fact, which in turn support its conclusion that the minor child was neglected. This assignment of error is overruled.
"A finding of one statutory ground is sufficient to support the termination of parental rights." In re A.D.L., 169 N.C. App. at 710, 612 S.E.2d at 645. Because we have found that the trial court did not err by concluding that the minor child was neglected, we will not address Respondent-father's contention that the trial court erred by concluding that he willfully left the minor child in foster care for more than twelve months.

II.
Respondent-father next argues the trial court erred by concluding that it was in the minor child's best interest to terminate his parental rights. We disagree.
In the dispositional stage of a termination of parental rights proceeding, the trial court "must consider whether terminating parental rights is in the best interests of the child. . . . We review the trial court's decision to terminate parental rights for abuse of discretion." In re Anderson, 151 N.C. App. at 98, 564 S.E.2d at 602 (citations omitted). In determining whether terminating parental rights is in the child's best interest, a court must consider: (1) the age of the juvenile; (2) the likelihood of adoption of the juvenile; (3) whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile; (4) the bond between the juvenile and the parent; (5) the quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement; and (6) any relevant consideration. N.C. Gen. Stat. § 7B-1110.
Here, as stated regarding Respondent-mother's appeal, the trial court found that the minor child was nine years old at the time of the hearing, and although no prospective adoptive home has been identified, she had formed a strong bond with her foster family and feels loved, safe, and protected, and it is highly likely that she will be adopted. Although Ms. Newsome opined that the minor child "has some bond with her father[,]" she also testified that the minor child viewed Respondent-father, "more as a peer," or "play buddy." "He oftentimes didn't redirect behaviors[.]" Ms. Newsome also stated that the minor child "would verbalize not feeling safe at times . . . and actually would verbalize feelings of confusion where it related to her father." We find that the trial court sufficiently considered the factors required under section 7B-1110, and its findings of fact support the conclusion that termination of Respondent-father's parental rights was in the minor child's best interests. Thus, the trial court did not abuse its discretion in terminating Respondent-father's parental rights.
Affirmed.
Chief Judge MARTIN and Judge HUNTER concur.
Report per Rule 30(e).
NOTES
[1] Respondent-mother appealed the 17 October 2005 order, which was affirmed by this Court on 3 April 2007. See In re E.H., 182 N.C. App. 528, 642 S.E.2d 550 (2007) (unpublished).