IN THE MATTER OF: C.T., A Minor Child.
No. COA08-1025
Court of Appeals of North Carolina
Filed February 17, 2009
This case not for publication
Salam B. Skeen for Petitioner-Appellee Craven County Department of Social Services.
Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene and Tobias S. Hampson, for Respondent-Appellant.
Nelson Mullins Riley & Scarborough LLP, by Stephen D. Martin and Kelli Goss Hopkins, for Guardian ad Litem.
McGEE, Judge.
Respondent appeals from the judgment terminating her parental rights to the minor child, C.T. Respondent left C.T., then eleven months old, alone in a cotton field on 30 July 2006. Respondent hallucinated as a result of smoking crack cocaine, broke into a truck, and locked herself inside the truck. When the sheriff's department arrived, Respondent asked "where . . . was [C.T.]" This led to a search by law enforcement to locate C.T., who was found around 1:00 o'clock in the morning in a cotton field. C.T. had numerous insect bites on his body and dirt around his mouth, indicating that C.T. had attempted to eat dirt. C.T. was placed in the custody of Craven County Department of Social Services (DSS) on 31 July 2006. C.T. was adjudicated an abused juvenile on 1 September 2006. As a result of the 30 July 2006 incident, Respondent was found guilty of attempted child abuse and was sentenced to an active prison term.
DSS filed a petition to terminate Respondent's parental rights on 25 January 2008. DSS filed a second petition to terminate Respondent's parental rights on 29 February 2008. The second petition alleged that grounds for termination existed under N.C. Gen. Stat. § 7B-1111(a)(1) and (a)(6). The trial court held a hearing on 22 May 2008, and entered judgment terminating Respondent's parental rights on 24 June 2008. Respondent appeals. Respondent filed notice of appeal from the trial court's judgment on 2 July 2008. The notice of appeal was not signed by Respondent as required by N.C.R. App. P. 3A(a). A second notice of appeal, signed by Respondent, was filed on 30 July 2008. The notice of appeal with Respondent's signature was filed more than thirty days following entry of the trial court's judgment from which Respondent appeals. Respondent filed a petition for writ of certiorari with this Court on 24 September 2008, seeking review of the trial court's judgment despite the defective notice of appeal.
N.C.R. App. P. 3A(a) states: "If the appellant is represented by counsel, both the trial counsel and appellant must sign the notice of appeal[.]" If Rule 3A is not complied with, the appeal must be dismissed, as Rule 3A is jurisdictional. In re L.B., 187 N.C. App. 326, 331, 653 S.E.2d 240, 244 (2007), aff'd per curiam, 362 N.C. 507, 666 S.E.2d 751 (2008). However, N.C.R. App. P. 21(a)(1) provides that a "writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" In this case, we believe it is appropriate to exercise our discretion and allow Respondent's petition for writ of certiorari. It appears the defective notice of appeal was not due to error on Respondent's part. Moreover, given the serious consequences of the judgment terminating Respondent's parental rights, we believe that review pursuant to a writ of certiorari is appropriate.

I.
On appeal, Respondent assigns error to the trial court's finding of abuse as a ground for terminating Respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(1). Respondent specifically argues that the trial court based its determination solely on Respondent's incarceration, the prior abuse adjudication, and Respondent's past history of drug abuse. Respondent contends that the trial court failed to consider the evidence of changed circumstances at the time of the termination hearing and did not address the probability of future abuse. Furthermore, Respondent contends that the trial court's findings of fact related to her incarceration and substance abuse are not supported by the evidence and demonstrate the trial court's failure to consider the evidence of changed circumstances. We disagree. Termination of parental rights cases involve a two-step process. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). At the adjudicatory stage, "the petitioner has the burden of establishing by clear and convincing evidence that at least one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111 exists." In re Anderson, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002). This Court reviews the adjudicatory stage to determine "whether the trial court's findings of fact are based on clear, cogent, and convincing evidence and whether those findings support the trial court's conclusion that grounds for termination exist pursuant to N.C. Gen. Stat. § 7B-1111." In re C.W. & J.W., 182 N.C. App. 214, 219, 641 S.E.2d 725, 729 (2007) (citation omitted). Findings of fact supported by competent evidence are binding on appeal, even where there is evidence which supports contrary findings. In re Mills, 152 N.C. App. 1, 6, 567 S.E.2d 166, 169 (2002), cert. denied, 356 N.C. 672, 577 S.E.2d 627 (2003). In the case before us, the trial court made the following pertinent findings:
9. On September 1, 2006, the court found [C.T.] abused as defined by G.S. 7B-101.
10. [Respondent] has a history of habitual illegal drug use. It was her use of illegal drugs that led to the abuse in this case. On or about July 30, 2006 [Respondent] smoked 20 to 30 rocks of crack and then left [C.T.], then 11 months old, out in a cotton field alone for several hours before he was rescued. The search for [C.T.] began after [Respondent] was found high and hallucinating after breaking into a truck. Following her arrest it was determined that she had a baby and did not know where he was, thus ensued the search and rescue of [C.T.]. He was found at approximately one o'clock in the morning covered in bug bites and appeared to have been trying to eat dirt.
. . .
12. [Respondent] is currently serving a prison sentence for Felony Attempted Child Abuse, based on the facts described above, and her projected release date from prison is April 18, 2009; she is therefore unable to care for [C.T.] now or within the next six months. Therefore, [C.T.] would remain dependent through [Respondent's] release date and continuing until such time she could demonstrate she is able to remain drug-free beyond the confines of prison and is able to satisfy the court that she is fit to parent. This period of time could be additional months or even years beyond her release from prison.
13. [Respondent] testified that she has battled with her drug addictions for about fourteen years. And over the past 14 years she has been through four drug rehabilitation programs. She testified that she feels her sobriety during the last almost 20 months of incarceration is "different this time." However, she also testified that she felt that way the 4 other times that she sought treatment and was sober.
14. [Respondent] testified she had been drug-free for many months until about two weeks before the day she chose to smoke over 20 rocks of crack and then left [C.T.] in the cotton field.
15. [Respondent] testified that she believed she had left [C.T.] with police officers and did not realize she had simply abandoned him in a cotton field.
16. The court finds [Respondent's] serious drug history and tendency to return to drugs even after long periods of sobriety very troubling and fails to find evidence that [Respondent] can successfully demonstrate the ability to stay clean outside of incarceration and become a fit parent in the near future.
N.C. Gen. Stat. § 7B-1111 provides for termination of parental rights where "[t]he parent has abused or neglected the juvenile. The juvenile shall be deemed to be abused or neglected if the court finds the juvenile to be an abused juvenile within the meaning of [N.C. Gen. Stat. §] 7B-101 or a neglected juvenile within the meaning of [N.C. Gen. Stat. §] 7B-101." N.C. Gen. Stat. § 7B-1111(a)(1)(2007). An abused juvenile is defined, in part, as "[a]ny juvenile less than 18 years of age whose parent . . . [c]reates or allows to be created a substantial risk of serious physical injury to the juvenile by other than accidental means[.]" N.C. Gen. Stat. § 7B-101(1)(b)(2007). "[T]he trial court must admit and consider all evidence of relevant circumstances or events which existed or occurred before the adjudication of abuse, as well as any evidence of changed conditions in light of the evidence of prior abuse and the probability of a repetition of that abuse." In re Greene, 152 N.C. App. 410, 417, 568 S.E.2d 634, 638 (2002) (citations omitted). "However, while the court may admit into evidence and consider any previous adjudications of neglect, a prior adjudication of neglect is not dispositive on the issue of neglect[.]" In re Parker, 90 N.C. App. 423, 425, 368 S.E.2d 879, 881 (1988).
"The determinative factors must be the best interests of the child and the fitness of the parent to care for the child at the time of the termination proceeding." In re Ballard, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984). "In cases of this sort, the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case." In re McLean, 135 N.C. App. 387, 396, 521 S.E.2d 121, 127 (1999).
In this case, there is ample evidence to support the trial court's findings. The findings indicate that the trial court did consider the evidence of changed circumstances, but was not persuaded by it. Moreover, finding of fact number sixteen answers the question of the probability of future abuse by Respondent. The trial court considered Respondent's long history of drug abuse and her past attempts at rehabilitation and found Respondent had not demonstrated an ability to maintain her sobriety and become a fit parent in the future.
Respondent further contends on appeal that the trial court erred in relying on hearsay testimony from Debra Walker (Ms. Walker), a social worker with DSS. We disagree.
Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801 (2007). Absent an exception, hearsay is not admissible. N.C. Gen. Stat. § 8C-1, Rule 802 (2007). "However, even when the trial court commits error in allowing the admission of hearsay statements, one must show that such error was prejudicial in order to warrant reversal." In re M.G.T.-B., 177 N.C. App. 771, 775, 629 S.E.2d 916, 919 (2006) (citation omitted).
At trial, Ms. Walker was permitted to testify that Respondent smoked twenty to thirty rocks of crack cocaine and left C.T. alone in a cotton field, despite having no personal knowledge of the events. Notwithstanding the hearsay statements made by Ms. Walker, as noted above, there is ample evidence to support the trial court's findings. "Where there is competent evidence to support the court's findings, the admission of incompetent evidence is not prejudicial." In re McMillon, 143 N.C. App. 402, 411, 546 S.E.2d 169, 175, disc. review denied, 354 N.C. 218, 554 S.E.2d 341 (2001) (citation omitted). Thus, we find no prejudice.
For the reasons stated above, we conclude that the trial court's conclusion that grounds existed for termination of Respondent's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) was supported by the record. Accordingly, this assignment of error is overruled.
"[W]here we determine the trial court properly concluded that one ground exists to support the termination of parental rights, we need not address the remaining grounds." In re Clark, 159 N.C. App. 75, 84, 582 S.E.2d 657, 663 (2003). Since we hold that termination of Respondent's parental rights was proper under N.C. Gen. Stat. § 7B-1111(a)(1), we need not address Respondent's arguments pertaining to the remaining ground on which the trial court based its decision. See In re Ballard, 63 N.C. App. 580, 306 S.E.2d 150 (1983), rev'd on other grounds, 311 N.C. 708, 319 S.E.2d 227 (1984).

II.
Respondent next assigns error to the dispositional stage of the termination proceedings. The trial court heard evidence as to both the adjudication and disposition phases in one hearing. Respondent argues that the trial court's questioning of her during her testimony demonstrates that the trial court prejudged the evidence prior to any finding of grounds for termination.
There is no requirement that the two stages in a termination of parental rights proceeding be conducted at two separate hearings, as long as the trial court applies the appropriate evidentiary standards at each of the two stages. In re Shepard, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6, disc. review denied, In re D.S., 358 N.C. 543, 599 S.E.2d 42 (2004).
Moreover, since a proceeding to terminate parental rights is heard by the judge, sitting without a jury, it is presumed, in the absence of some affirmative indication to the contrary, that the judge, having knowledge of the law, is able to consider the evidence in light of the applicable legal standard and to determine whether grounds for termination exist before proceeding to consider evidence relevant only to the dispositional stage.
In re White, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, disc. review denied, 318 N.C. 283, 347 S.E.2d 470 (1986).
Once the trial court has determined that a ground for termination exists, it moves on to the disposition stage where it must determine whether termination is in the best interest of the child. N.C. Gen. Stat. § 7B-1110(a)(2007). The determination of whether termination is in the best interest of the minor child is governed by N.C. Gen. Stat. § 7B-1110, which states that the trial court shall consider the following factors:
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
N.C. Gen. Stat. § 7B-1110(a)(2007). The decision of the trial court regarding best interest is within the discretion of the trial court and will not be overturned absent an abuse of discretion. Anderson, 151 N.C. App. at 98, 564 S.E.2d at 602.
In this case, the trial court made the following findings:
11. The [Respondent] has been incarcerated for the life of this case, save one day in January of 2007.
. . .
20. That [C.T.] needs consistent and stable placement.
21. The Guardian ad Litem testified that [C.T.] has been with his foster family since March 2007, has bonded well with them and is a part of their family, and that the foster family intends to adopt him.
22. The foster mother and father also testified that [C.T.] is a part of their family and they love him as their own and intend to legally adopt him as soon as he is available for adoption.
23. That [C.T.] needs a permanent plan of care.
24. That the permanent plan for [C.T.] is adoption and will require the termination of parental rights, either by relinquishment, or by termination by court order.
25. That [C.T.] is loving and adoptable and the foster parents are ready and willing to make him a permanent part of their family through adoption.
We conclude that since the trial court properly considered the statutory factors and reached a decision based on its findings, the trial court did not abuse its discretion in determining that it was in C.T.'s best interest to terminate Respondent's parental rights. This assignment of error is overruled.
Affirmed.
Chief Judge MARTIN and Judge WYNN concur.
Report per Rule 30(e).