An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-33

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

In THE MATTER OF:

N.M.

New Hanover County
No. 12 JA & JT 222

Appeal by Respondents from order entered 21 October 2013 by Judge Jeffrey Evan Noecker in New Hanover County District Court. Heard in the Court of Appeals on 19 May 2014.

> *Dean W. Hollandsworth for petitioner-appellee New Hanover County Department of Social Services.*
>
> *Mary McCullers Reece for respondent-mother appellant.*
>
> *Ryan McKaig for respondent-father appellant.*
>
> *Administrative Office of the Courts, by Associate Counsel Deana K. Fleming, for guardian ad litem.*

DILLON, Judge.

Respondents, the mother and father of the juvenile Nancy[1], appeal from an order terminating their parental rights. After careful review, we affirm.

---

[1]    A pseudonym.

On 11 September 2012, the New Hanover County Department of Social Services ("DSS") filed a petition alleging that Nancy was an abused and neglected juvenile after Respondent-mother allegedly attempted to kill herself and the juvenile. The juvenile reported that Respondent-mother had given her a drink that "tasted crappy[.]" The remains of a beverage containing crushed pills were found at the scene, along with suicide notes, empty bottles of Vicodin and Clonazepam, and insecticide. Respondent-mother was found unconscious, and the juvenile was found barely conscious. Respondent-mother was involuntarily committed and hospitalized.

DSS additionally noted that it had been previously involved with Respondents' family dating back to November 2010, when Respondent-father and the juvenile were involved in a hostage standoff. As a result of the standoff, Respondent-father was convicted of several charges, including assault with a deadly weapon with intent to kill/inflicting serious bodily injury, child abuse, burglary, and damage to property. Respondent-father is expected to be incarcerated as a result of the charges until at least 2020.

On 6 March 2013, prior to adjudication of the petition alleging abuse and neglect, DSS filed a petition to terminate

Respondents' parental rights. DSS alleged that grounds existed to terminate Respondents' parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) (2013) (abuse and neglect) and (6) (dependency). On the same day, DSS filed a motion to consolidate the juvenile petition with the petition to terminate both Respondent-mother's and Respondent-father's parental rights pursuant to N.C. Gen. Stat. § 7B-1102(c) (2013). On 17 April 2013, the trial court allowed the motion and the two matters were consolidated. On 21 October 2013, the trial court entered an order both (1) adjudicating the juvenile abused, neglected, and dependent; and (2) terminating Respondents' parental rights. Respondents appeal.

Respondents' sole argument on appeal is that the trial court abused its discretion when it determined that it was in the best interests of Nancy to terminate their parental rights. We disagree.

Once statutory grounds for termination have been established, the trial court is required to "determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a) (2013). When determining whether it is in the juvenile's best interests to terminate the parent's rights, the trial court is required to

make written findings regarding the relevant factors enunciated in N.C. Gen. Stat. § 7B-1110(a):

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

We review a trial court's order terminating parental rights to determine whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings, in turn, support its conclusions of law. *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6 (2004). "We review the trial court's decision to terminate parental rights for abuse of discretion." *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002) (citation omitted).

Here, in support of its conclusion that it was in the juvenile's best interest to terminate Respondents' parental rights, the trial court found as fact:

3.     That custody with relatives is not appropriate, custody with a court approved care taker is not appropriate, nor is reunification.    The dispositional option that is in the best interests of this child is adoption.

4.     That based on [Nancy's] improved behaviors and continued therapy it is increasingly likely that she will be adopted.    Termination of parental rights is necessary to achieve adoption and free her for adoption.

5.     [Nancy] will be ten next week.   She is in foster care and has been so since February 2013.   She is not in a pre-adoptive placement.   She is adjusting nicely to her foster care placement.    She remains in therapy[. . . .]    As a result of that therapy and her appropriate foster care placement she has had an improvement in her life circumstances.    Her grades are improving.   Her meltdowns are decreasing in severity, and her behaviors are improving.

6.     That the Court finds that there is a significant bond that [Nancy] has with her mother and with her father.   That her father loves her, her mother loves her, and [Nancy] loves and has in the past loved them.   That the bond that she has with both of her parents is significantly negatively affected by each incident: the shootout and poisoning incidents of abuse by the Respondent-parents and their being away from her by being incarcerated and her being placed in foster care as a result.   That [Nancy] is already demonstrating that she is able to improve in a foster home where she has some measure of stability and appropriate care.   That based on the evidence presented, including the testimony from [Nancy's] therapist, visitation with either Respondent-parent at

> this time would negatively affect [Nancy's] recovery and continued stability, and thus would be contrary to her best interests and welfare.

Neither Respondent challenges the above findings of fact, and they are binding on appeal. *Koufman v. Koufman*, 330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991). Rather, Respondents argue that these findings do not support the trial court's conclusion that termination of her parental rights was in the best interests of Nancy.

Specifically, Respondents argue that the trial court should not have terminated their parental rights because Nancy was not in a pre-adoptive placement. We have held, however, that the absence of an adoptive placement for a juvenile at the time of the termination hearing is not a bar to terminating parental rights. *See In re Norris*, 65 N.C. App. 269, 275, 310 S.E.2d 25, 29 (1983) (stating that "[i]t suffices to say that such a finding [of adoptability] is not required in order to terminate parental rights."), *disc. review denied*, 310 N.C. 744, 315 S.E.2d 703 (1984). We nevertheless note that while the juvenile may not have been in a pre-adoptive placement, the unchallenged findings demonstrate that she is likely adoptable. *Cf. In Re J.A.O*, 166 N.C. App. 222, 227-28, 601 S.E.2d 226, 230 (2004) (finding an abuse of discretion where the juvenile suffered from

"significant and life-long debilitating behaviors" which made the likelihood of adoption remote and thus termination was not in the juvenile's best interest).

Respondents further assert that the trial court abused its discretion in determining that termination was in Nancy's best interest where the evidence and findings demonstrate that the juvenile had a strong, loving bond with her parents. We note, however, that the trial court also found as fact during the termination hearing that neither Respondent had addressed their mental health issues since the filing of the juvenile petition. Given the serious nature of the abuse that led to the filing of the petition, and considering Respondents' failure to address their mental health issues, we cannot agree that the trial court's conclusion that it was in the best interests of the juvenile to terminate Respondents' parental rights was manifestly unsupported by reason. Accordingly, we affirm.

AFFIRMED.

Judge BRYANT and Judge STEPHENS concur.

Report per Rule 30(e).