An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-352

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

IN THE MATTER OF:

| | |
|---|---|
| K.B.J.N. | Mecklenburg County |
| J.S.N., | Nos. 12 JT 308-09 |
| Minor Children | |

Appeal by respondent mother from order entered 27 December 2013 by Judge Rickye McKoy-Mitchell in Mecklenburg County District Court. Heard in the Court of Appeals 28 July 2014.

> *Twyla Hollingsworth-Richardson for petitioner-appellee Mecklenburg County Department of Social Services, Division of Youth and Family Services.*

> *J. Thomas Diepenbrock for respondent-appellant mother.*

> *Ellis & Winters LLP, by Lauren A. Golden, for guardian ad litem.*

HUNTER, Robert C., Judge.

Respondent mother appeals from the trial court's order terminating her parental rights to the juveniles K.B.J.N. and J.S.N. Respondent contends the trial court erred by failing to make sufficient findings of fact to demonstrate it had considered each of the relevant statutory factors in determining

it was in the juveniles' best interests to terminate her parental rights. We affirm in part and remand for further findings of fact in part.

## Background

On 21 May 2012, the Mecklenburg County Department of Social Services, Division of Youth and Family Services ("YFS") filed a petition alleging the juveniles were neglected and dependent. YFS averred that respondent and her boyfriend were involved in incidents of domestic violence and substance abuse and were unable to provide for the basic needs of the juveniles. The juveniles were placed in non-secure custody.

Respondent reached a mediated agreement with YFS and agreed to a case plan that included substance abuse, mental health, and domestic violence treatment; visitation; parenting skills training; and that she would maintain sufficient income, employment, and housing. On 3 August 2012, the trial court entered an order adjudicating the juveniles neglected and dependent and ordering respondent to comply with the terms of the mediated agreement. On 14 March 2013, the trial court entered an order changing the permanent plan for the juveniles to adoption.

YFS filed petitions to terminate respondent's parental rights on 26 March 2014. The petitions alleged grounds to terminate respondent's parental rights to each of the juveniles pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and (3) (2013), based on neglect and willful failure to pay a reasonable portion of the cost of care. After an adjudication and disposition hearing, the trial court entered an order terminating respondent's parental rights on 27 December 2013. The trial court concluded the evidence supported both grounds alleged and that termination was in the juveniles' best interests.[1] Respondent appeals.

## Discussion

In her sole argument on appeal, respondent contends the trial court erred by failing to make sufficient findings to demonstrate it considered all of the relevant best interests factors. We agree with respondent's argument, in part.

We first note that respondent does not challenge the trial court's conclusion that two grounds existed to terminate her parental rights. Once the trial court has determined a ground for termination exists, it moves on to the disposition stage,

---

[1] The order also terminated the parental rights of K.B.J.N.'s father, but he is not a party to this appeal. J.S.N.'s father is deceased.

where it must determine whether termination is in the best interests of the juvenile. N.C. Gen. Stat. § 7B-1110(a) (2013). The trial court's best interests decision is reviewed for an abuse of discretion. *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002). In determining the best interests of the juvenile, the trial court shall consider the following factors:

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.
>
> (5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
>
> (6) Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a). The trial court must make written findings addressing any relevant factors, including the parent's bond with the juvenile. *In re J.L.H.*, ___ N.C. App. ___, ___, 741 S.E.2d 333, 337-38 (2012).

Here, the trial court made a single finding that demonstrates it considered most of the relevant statutory factors:

> 23. The juveniles are in the same placement and have been with their maternal aunt [Ms. D] since entering custody. They are thriving and bonded to her. The Court finds that given the age of the juveniles, the high likelihood of them being adopted by their maternal aunt, the strong bond with their relative placement, the quality of care the juveniles have received in their aunt's care, and the likelihood that both the adoption and providing the children a loving nurturing permanent home with the maternal aunt, [Ms. D] if the TPR is granted, the Court finds it is in the best interests of the children to grant the Termination.

Respondent does not dispute that this finding confirms the trial court considered the juveniles' likelihood of adoption and their strong bond with the potential adoptive placement, their maternal aunt. Further, contrary to respondent's argument, the phrase, "given the age of the juveniles" shows the trial court gave due consideration to the juveniles' age. In addition, the language of the finding also demonstrates that the trial court considered whether termination of respondent's parental rights would aid in the accomplishment of the permanent plan of adoption.

Respondent's remaining contention is that finding of fact twenty-three does not address the bond between herself and the juveniles. We believe, in light of our prior opinion in *In re J.L.H.*, ___ N.C. App. at ___, 741 S.E.2d at 337-38, that the trial court was required to make an explicit finding addressing the bond between respondent and the juveniles, because the record contains evidence from which the trial court could make such a finding. In fact, the trial court did make a finding addressing respondent's visitation with the juveniles, but failed to make any finding explicitly addressing N.C. Gen. Stat. § 7B-1110(a)(4). Accordingly, we must remand.

## Conclusion

After careful review, we affirm the termination order in part, but remand the matter for the trial court to make explicit findings addressing respondent's parental bond with the juveniles.

AFFIRMED IN PART; REMANDED IN PART.

Judges DILLON and DAVIS concur.

Report per Rule 30(e).