HUNTER, JR., ROBERT N., Judge.
Respondent-mother appeals from an order terminating her parental rights to her children Neal[1] , Kate, Sara, Karen, Dana, and Ken. For the following reasons, we affirm.
I. Factual & Procedural History
The Nash County Department of Social Services ("DSS") became involved with the family on 20 July 2012 when it received reports of domestic violence between respondent-mother and her boyfriend in the presence of the children. After a DSS decision on 8 August 2012 substantiating neglect of the juveniles, respondent-mother entered into a case and safety plan with DSS, where respondent-mother would not allow her boyfriend to be around the children. DSS observed respondent-mother's boyfriend in the home during a home visit in violation of the safety plan. DSS took non-secure custody of five of the six children in February 2013. S.C. continued to live with D .B., who was believed to be her father at the time. The trial court adjudicated the children neglected and ordered a permanent plan of reunification on 9 May 2013. Following a permanency planning hearing on 19 September 2013, the trial court entered an order changing the permanent plan to adoption. The court found that respondent-mother was living in Philadelphia, Pennsylvania, but she had not provided DSS with an address, she had not contacted the children, and she had not inquired about their welfare.
DSS filed motions to terminate the parental rights of respondent-mother on 9 April 2014. The trial court conducted a termination hearing on 18 September 2014. Respondent-mother was represented by counsel at this hearing, but the record indicates that she personally was not present. By order filed 6 January 2015, the trial court concluded that grounds existed to terminate respondent-mother's parental rights under N.C. Gen.Stat. § 7B-1111(a)(2) (failure to make reasonable progress); N.C. Gen.Stat. § 7B-1111(a)(3) (failure to pay a reasonable portion of the cost of care for the child); and N.C. Gen.Stat. § 7B-1111(a)(7) (abandonment). The trial court also concluded that it was in the children's best interest to terminate respondent-mother's parental rights. Respondent-mother appeals.
II. Analysis
In her sole argument on appeal, respondent-mother contends the trial court abused its discretion by determining that it was in the best interest of the children to terminate her parental rights. We disagree.
"We review the trial court's decision to terminate parental rights for abuse of discretion." In re Anderson,151 N.C.App. 94, 98, 564 S.E.2d 599, 602 (2002) (citation omitted). Once a trial court determines that statutory grounds for termination exist, it must "determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen.Stat. § 7B-1110(a) (2013). This statute requires that, in making its determination, "the court shall consider the following criteria and make written findings regarding the following that are relevant:"
(1) The age of the juvenile.
(2) The likelihood of adoption of the juvenile.
(3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
(4) The bond between the juvenile and the parent.
(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.
(6) Any relevant consideration.
Id.Although N.C. Gen.Stat. § 7B-1110(a) requires the trial court to consider all six of the enumerated factors, it is required to enter written findings of fact "concerning only those factors 'that are relevant.' " In re D.H. --- N.C.App. ----, ----, 753 S.E.2d 732, 735 (2014) (citations omitted).
In support of its conclusion that it is in the best interest of the children that the parental rights of respondent-mother be terminated, the court made the following pertinent findings of fact:[2]
2. This is an action for the termination of the parental rights of the Respondent Mother, [ ] with regard to the minor children, [Neal], (DOB: [ ]09); [Kate], (DOB: [ ]06); [Sara], (DOB: [ ]04); [Karen], (DOB: [ ]02); [Dana], (DOB: [ ]02); and [Ken], (DOB: [ ]98)....
....
6. The children have seen their mother once in a year and a half. At that visit, she told her children she was going to get them back and they were all moving to Pennsylvania. The children have been in foster care for over a year and deserve permanence in their lives which can be achieved by terminating the parental rights of their mother.
7. The children, [Ken] and [Neal,] are placed in homes with families who have expressed an interest in adoption. [Sara] is placed with [D.B.] who has been her only parental figure and he and his wife plan to adopt her once she is cleared for adoption.
Respondent-mother does not challenge any of the above-quoted findings of fact. Therefore, they are binding on appeal. Koufman v. Koufman,330 N.C. 93, 97, 408 S.E.2d 729, 731 (1991).
Respondent-mother argues that the trial court failed to address "[t]he bond between the juvenile and the parent," as required by N .C. Gen.Stat. § 7B-1110(a)(4). However, the court considered respondent-mother's bond with her children when the court specifically found that respondent-mother had visited the children only one time during the year and a half the children had been in foster care. Respondent-mother's unwillingness to visit her children clearly affects her ability to form an appropriate bond with her children.
Respondent-mother also argues the trial court abused its discretion in terminating her parental rights because the trial court did not find that it was likely that all of her children would be adopted. However, "nothing within N.C. Gen.Stat. § 7B-1110... requires that termination lead to adoption in order for termination to be in a child's best interests." In re M.M.,200 N.C.App. 248, 258, 684 S.E.2d 463, 470 (2009), disc. review denied,364 N.C. 241, 698 S.E.2d 401 (2010). Finally, contrary to respondent-mother's assertion, the findings of fact indicate the court considered the factors set out in N.C. Gen.Stat. § 7B-1110 and made findings of fact as to those factors the court determined to be relevant. Based upon the trial court's findings, which reflect a rational reasoning process, we conclude the trial court did not abuse its discretion in determining that terminating the parental rights of respondentmother was in the best interest of the children.
III. Conclusion
We affirm the trial court's order terminating respondent-mother's parental rights.
AFFIRMED.
Report per Rule 30(e).
Chief Judge McGEE and Judge CALABRIA, concur.
Opinion
Appeal by respondent-mother from order entered 6 January 2015 by Judge John J. Covolo in Nash County District Court. Heard in the Court of Appeals 13 July 2015.

Pseudonyms are used to protect the identity of the children.

Numbers 6 and 7 are erroneously labeled conclusions of law and are reviewed as findings of fact. See In re B.S.O., --- N.C.App. ----, 760 S.E.2d 59, 64 (2014) ("[I]t is immaterial that the court labeled its finding of willfulness by respondent-father a conclusion of law.") (citing State v. Hopper, 205 N.C.App. 175, 179, 695 S.E.2d 801, 805 (2010) (reviewing a mislabeled "conclusion of law" as a finding of fact)).