IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-826

Filed 16 April 2025

Durham County, No. 22 CVD 500264

ADRIAN YOLANDA WILLIAMS, Plaintiff,

v.

JESSICA GRACE CABRERA, Defendant.

Appeal by Defendant from order entered 5 December 2022 by Judge Doretta L. Walker in Durham County District Court. Heard in the Court of Appeals 17 April 2024.

*Bull City Legal Services, by Lynne M. Kay, for Defendant-Appellant.*

*No brief filed on behalf of Plaintiff-Appellee.*

CARPENTER, Judge.

Jessica Grace Cabrera ("Defendant") appeals from the trial court's 5 December 2022 domestic violence protective order (the "Order") entered in favor of Adrian Yolanda Williams ("Plaintiff"). On appeal, Defendant argues the trial court erred by entering the Order and granting Plaintiff certain additional relief. After careful review, we affirm the Order as modified.

## I. Factual & Procedural Background

Plaintiff and Defendant met in California in 2016 and began a relationship. In August 2017, Defendant adopted an emotional support animal ("ESA"); a dog named

Chaco. In August 2020, Plaintiff adopted an ESA; a dog named Melo. On 25 October 2020, Plaintiff and Defendant married in California. Then, in 2021, Plaintiff and Defendant moved to North Carolina with Chaco and Melo.

From August 2022 until 14 September 2022, Plaintiff and Defendant attended therapy to "work[] on their relationship." But, on 15 September 2022, Defendant informed Plaintiff that she was unhappy and wanted to end their marriage. At this time, the parties began discussing how they would resolve custody of Chaco and Melo. Plaintiff suggested a "coparenting" arrangement in which the parties would share custody of Chaco and Melo according to an agreed-upon visitation schedule.

On 21 September 2022, while at home, Plaintiff brought up "coparenting" again and asked if he could take Chaco and Melo to California for three days on a trip. Defendant said no. Plaintiff asked Defendant to "not make th[e] situation any worse than it had to be," but Defendant did not change her mind. Plaintiff then exited the home and called a friend, Lakyia Jones. Jones suggested that Plaintiff attempt to locate the ESA paperwork for Melo.

Back inside the home, Plaintiff could not find the ESA paperwork, so he confronted Defendant. Plaintiff discovered Defendant in the bathroom with the door locked. Plaintiff knocked and asked Defendant if she would open the door, but Defendant refused. Then Plaintiff stepped outside, called the Durham Police Department's non-emergency line for assistance in "resolv[ing] the situation in a peaceful manner," and waited for police to arrive.

A few hours later, Defendant exited the home with Chaco and Melo. At that point, Plaintiff was outside on the phone with Jones. Plaintiff informed Defendant that the police were on their way to discuss the ESA paperwork. Defendant said, "So what?" and proceeded to get in her car with Chaco and Melo. As Plaintiff stood in the driveway behind Defendant's car, Defendant reversed and struck Plaintiff's body. Plaintiff banged on the back of the car, yelling at Defendant. Plaintiff fell to the ground, temporarily lost possession of his phone, and incurred a minor laceration to his right index finger. Meanwhile, Defendant drove away with Chaco and Melo. Plaintiff remained on the phone with Jones for the duration of the incident.

When police arrived, Plaintiff did not tell the officer about the incident with Defendant and the car. The responding officer accompanied Plaintiff while he packed up and removed some of his personal belongings from the home. The following day, Plaintiff removed the remainder of his belongings. Approximately a week later, Defendant moved into a new residence.

On 10 October 2022, Plaintiff filed a complaint and motion for a domestic violence protective order ("DVPO"). That same day the trial court issued an *ex parte* DVPO. On 5 December 2022, the trial court conducted a hearing to determine whether to issue a one-year DVPO. After the hearing, the trial court entered the Order. In the Order, the trial court concluded that Defendant committed acts of domestic violence on 21 September 2022 by: (1) attempting to cause and intentionally causing bodily injury to Plaintiff; and (2) placing Plaintiff in fear of imminent serious

bodily injury. The trial court also concluded there was a danger of serious and immediate injury to Plaintiff.

To support its conclusions, the trial court found that "Defendant bumped into [P]laintiff with her car and took off with his ESA causing him to fear for his emotional health. Additionally, [Plaintiff] had injury to his finger." The trial court, in this section of the Order, incorporated Plaintiff's complaint as further findings of fact stating "[s]ee complaint incorporated herein."

The Order required that Defendant refrain from cruelly treating or abusing an animal owned, possessed, kept or held as a pet by either party and posting or commenting about Plaintiff on social media. Additionally, the trial court granted custody of Melo to Plaintiff. On 21 December 2022, Defendant filed written notice of appeal.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(2) (2023).

## III. Issues

The issues are whether the trial court erred by entering the Order and granting Plaintiff certain discretionary relief.

## IV. Analysis

### A. DVPO

First, Defendant argues it was improper for the trial court to incorporate Plaintiff's complaint as additional findings of fact because the evidence did not

support every allegation in Plaintiff's complaint. Additionally, Defendant asserts the trial court erred by entering the Order because its conclusions were not supported by its findings or competent evidence. While we agree with Defendant that the trial court's incorporation of Plaintiff's complaint was improper, we nonetheless conclude the error was not prejudicial under the facts of this case. The trial court's additional findings contained on the face of the Order are supported by competent evidence and are sufficient to support the conclusion that an act of domestic violence occurred.

### 1. Standard of Review

This Court reviews a trial court's order issuing a DVPO to determine "whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts." *Kennedy v. Morgan*, 221 N.C. App. 219, 220–21, 726 S.E.2d 193, 195 (2012) (quoting *Hensey v. Hennessy*, 201 N.C. App. 56, 59, 685 S.E.2d 541, 544 (2009)). Findings of fact supported by competent evidence are binding on appeal. *Hensey*, 201 N.C. App. at 59, 685 S.E.2d at 544.

### 2. Incorporation of Complaint

As an initial matter, we address the trial court's incorporation of Plaintiff's complaint as further findings of fact. As a general rule, "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2023). Under Rule 52, the trial court's findings of

fact must contain the " 'specific ultimate facts sufficient for an appellate court to determine that the judgment is adequately supported by competent evidence.' " *Shomette v. Needham*, ___ N.C. App. ___, ___ S.E.2d ___ (2025) (quoting *Williamson v. Williamson*, 140 N.C. App. 362, 363–64, 536 S.E.2d 337, 338 (2000)). Although "verbatim recitations of the testimony" do not qualify as findings of fact "because they do not reflect a conscious choice between the conflicting versions of the incident in question," *Shomette*, ___ N.C. App. at ___, ___ S.E.2d at ___ (quoting *In re Green*, 67 N.C. App. 501, 505 n.1, 313 S.E.2d 193, 195, n.1, (1984)), a trial court may recite testimony in its findings so long as it " 'ultimately makes its own findings, resolving material disputes,' " *In re T.N.H.*, 372 N.C. 403, 408, 831 S.E.2d 54, 59 (2018) (quoting *In re C.L.C.*, 171 N.C. App. 438, 446, 615 S.E.2d 704, 708 (2006)).

For an *ex parte* DVPO, however, this Court has relaxed the application of Rule 52 by permitting the trial court to incorporate pleadings in lieu of making its own "findings and conclusions that fully satisfy the requirements of [Rule 52]." *Hensey*, 201 N.C. App. at 63, 685 S.E.2d at 547 (explaining that *ex parte* DVPOs are meant to be "entered on relatively short notice in order to address a situation in which quick action is needed in order to avert a threat of imminent harm").

The issuance of a one-year DVPO does not implicate the same level of expediency as an *ex parte* DVPO, meaning the trial court is required, as in any other civil bench trial on the merits, to comply with Rule 52. *See Hensey*, 201 N.C. App. at 62, 685 S.E.2d at 546 (noting the Rules of Civil Procedure apply in "all actions and

proceedings of a civil nature" including an action brought under Chapter 50B).  The trial court must "find the ultimate facts essential to support the conclusions of law" by utilizing "processes of logical reasoning, based on the evidentiary facts."  *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003) (quoting *In re Anderson*, 151 N.C. App. 94, 95, 564 S.E.2d 599, 601 (2012) (internal quotations omitted)).  It is well settled that reciting testimony as findings of fact fails to demonstrate processes of logical reasoning required by Rule 52.  *See Williamson*, 140 N.C. App. at 363–64, 536 S.E.2d at 338.  It follows that the trial court's mere recitation or wholesale incorporation of allegations from a pleading is similarly inadequate under Rule 52.  *See id.* at 363–64, 536 S.E.2d at 338.  Indeed, allegations in a complaint have been subject to less scrutiny and are less reliable than testimonial evidence.

Put simply, the trial court fails to resolve the material disputes in the evidence where it wholly incorporates a plaintiff's complaint without demonstrating "processes of logical reasoning" required by Rule 52.  *See In re Harton*, 156 N.C. App. at 660, 577 S.E.2d at 337.  Moreover, by employing this disfavored method of fact finding, the trial court runs the risk of improperly delegating its fact-finding duty.  *See In re J.S.*, 165 N.C. App. 509, 511, 598 S.E.2d 658, 660 (2004), *superseded on other grounds by statute*, 2013 N.C. Sess. Law 129, § 25 (N.C. 2013); *Jay v. Jay*, ___ N.C. App. ___, ___

S.E.2d \_\_\_ (2025) (Carpenter, J., dissenting).[1] Ultimately, without adequate findings, this Court cannot properly assess whether issuance of a DVPO is supported by competent evidence. *See Williamson*, 140 N.C. App. at 363–64, 536 S.E.2d at 338.

In the instant case, to support its conclusion that Defendant committed acts of domestic violence, the trial court found that: "Defendant bumped into [P]laintiff with her car and took off with his ESA causing him to fear for his emotional health. Additionally, [Plaintiff] had injury to his finger." The trial court also purported to incorporate Plaintiff's complaint as further findings of fact. The trial court did not demonstrate processes of logical reasoning, such as annotating, striking through, or otherwise expounding upon Plaintiff's complaint before incorporating it as further findings. This falls short of the requirements of Rule 52. *See Williamson*, 140 N.C. App. at 364, 536 S.E.2d at 339; *In re Harton*, 156 N.C. App. at 660, 577 S.E.2d at 337. Accordingly, it was improper for the trial court to incorporate Plaintiff's complaint as further findings of fact.

### 3. Grounds for DVPO

Notwithstanding this error, we analyze the trial court's remaining findings of fact appearing on the face of the Order. Although sparse, they are sufficiently

---

[1] In a recent case, a majority panel of this Court upheld a one-year DVPO which incorporated the plaintiff's complaint as further findings of fact. *Jay*, \_\_\_ N.C. App. at \_\_\_, \_\_\_ S.E.2d at \_\_\_. The Court distinguished *Hensey* but did not explicitly take a position on the incorporation issue, deferring to the trial court's credibility determination in concluding that the evidence supported the findings. *Id*. at \_\_\_, \_\_\_ S.E.2d at \_\_\_ (citing *Hensey v. Hennessy*, 201 N.C. App. 56, 685 S.E.2d 541 (2009)).

detailed to identify the basis for an act of domestic violence.

"To support entry of a DVPO, the trial court must make a conclusion of law 'that an act of domestic violence occurred.'" *Kennedy v. Morgan*, 221 N.C. App. 219, 223, 726 S.E.2d 193, 196 (2012) (quoting N.C. Gen. Stat. § 50B–3(a) (2011)). "The conclusion of law must be based upon the findings of fact." *Id.* at 223, 726 S.E.2d at 196. "While the trial court need not set forth the evidence in detail it does need to make findings of ultimate fact which are supported by the evidence; the findings must identify the basis for the 'act of domestic violence.'" *Id.* at 224, 726 S.E.2d at 196 (quoting N.C. Gen. Stat. § 50B–3(a) (2011)). The trial court is required to grant a DVPO if it concludes that at least one act of domestic violence has occurred. N.C. Gen. Stat. § 50B–3(a) (2023). In other words, because a single act of domestic violence is sufficient, the trial court's issuance of a DVPO will be upheld if the findings support at least one act of domestic violence. *See Keenan v. Keenan*, 285 N.C. App. 133, 136, 877 S.E.2d 97, 101 (2022).

Here, the trial court concluded Defendant committed acts of domestic violence, including: (1) attempting to cause and intentionally causing bodily injury to the Plaintiff; and (2) placing Plaintiff in fear of imminent serious bodily injury. To support its conclusions, the trial court found that: "Defendant bumped into [P]laintiff with her car and took off with his ESA causing him to fear for his emotional health. Additionally, [Plaintiff] had injury to his finger."

During the hearing, Plaintiff testified that Defendant "reversed her vehicle

into my physical body." Plaintiff also testified to "banging on the back window [of Defendant's car] screaming her name and asking her to stop." After being hit by the car, Plaintiff incurred an injury to his index finger. Plaintiff's testimony supports the trial court's finding that "Defendant bumped into Plaintiff with her car" and that Plaintiff "had injury to his finger." These findings, in turn, support the trial court's conclusion that Defendant committed an act of domestic violence by causing bodily injury to Plaintiff. Thus, notwithstanding the trial court's improper incorporation of Plaintiff's complaint into the Order, the trial court did not prejudicially err by granting the DVPO because its remaining findings support the conclusion that an act of domestic violence occurred. *See Kennedy*, 221 N.C. App. at 223, 726 S.E.2d at 196.

We hold the trial court must find facts in accordance with the requirements of Rule 52, demonstrating processes of logical reasoning in its resolution of material conflicts in the evidence, when granting or denying a plaintiff's request for a one-year DVPO. Where a trial court incorporates a pleading in its findings of fact, our reasoning applies with equal force regardless of whether the pleading was verified or unverified.

## B. Discretionary Relief

Next, Defendant asserts that the trial court erred by granting Plaintiff certain additional relief. Specifically, Defendant argues the trial court lacked authority to: (1) grant Plaintiff custody of Melo; (2) order that Defendant refrain from cruelly treating or abusing an animal owned, possessed, kept, or held as a pet by either party

residing in the household; (3) order that Defendant refrain from posts or comments about Plaintiff on social media; and (4) grant Plaintiff the care, custody, and control of an animal owned, possessed, kept, or held as a pet by either party residing in the household. Defendant relies on her primary argument here, arguing that because entry of the DVPO was improper, Plaintiff was not entitled to additional relief. We disagree.

Our review of the relevant caselaw does not reveal a clear standard of review for evaluating Defendant's specific challenge. Section 50B–3(a) provides a non-exhaustive list of "types of relief" that the trial court "may" include in a DVPO after concluding that an act of domestic violence has occurred. N.C. Gen. Stat. § 50B–3(a). When this Court examines an appellant's challenge to the trial court's grant of discretionary relief in a civil no contact order—a distinct but related concept—we review for abuse of discretion. *See Angarita v. Edwards*, 278 N.C. App. 621, 633, 863 S.E.2d 796, 805 (2021) (holding the trial court did not abuse its discretion by ordering the defendant to obtain a mental-health evaluation in a no-contact order). It logically flows that any additional permissive relief the trial court grants in a DVPO involves an exercise of discretion. Accordingly, we conclude abuse of discretion is the appropriate standard of review.

A trial court abuses its discretion if its ruling is either manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citing *Clark v. Clark*,

301 N.C. 123, 271 S.E.2d 58 (1980)).  When issuing a DVPO, the trial court does not have " 'unfettered discretion to order a broad range of remedies' " simply because the trial court believes the relief is " 'necessary for the protection of any party or child.' " *Russell v. Wofford*, 260 N.C. App. 88, 94, 816 S.E.2d 909, 913 (quoting *State v. Elder*, 368 N.C. 70, 73, 773 S.E.2d 51, 52 (2015)).  Stated differently, although the trial court has broad discretion under section 50B–3(a) to impose additional relief, it cannot exercise "unfettered discretion" in doing so.  *See id.* at 94, 816 S.E.2d at 913.

Here, after concluding Defendant committed acts of domestic violence, the trial court ordered that Defendant refrain from cruelly treating or abusing an animal held as a pet by either party and posting or commenting about Plaintiff on social media. The trial court also awarded Plaintiff custody of Melo.

Section 50B–3 expressly provides that the trial court may direct a party to refrain from cruelly treating or abusing an animal possessed by the parties.  *See* N.C. Gen. Stat. § 50B–3(a)(9)(b1).  Section 50B–3(a) further states that the trial court may provide for possession of personal property, including custody and control of an animal.  *Id.* at § 50B–3(a)(8).  This relief is authorized and warranted in this case. Accordingly, the trial court did not abuse its discretion by granting Plaintiff custody of Melo or by ordering that Defendant refrain from cruelly treating or abusing any animal possessed by the parties.

Section 50B–3 does not explicitly provide that the trial court may require a party to refrain from posting about another party on social media, but the list of

possible relief is non-exhaustive. In other words, it is possible for the trial court to require a party to refrain from posting threatening language about another party on social media if the facts justify such relief. That being said, the directive in the instant case is overbroad and not reasonably tailored to the facts at hand. Because the trial court's social media directive was arbitrary, we strike that portion of the Order.

## V. Conclusion

In sum, the trial court did not prejudicially err by entering the Order and did not abuse its discretion by granting Plaintiff custody of Melo or ordering that Defendant refrain from engaging in animal cruelty. The trial court's directive that Defendant refrain from posting about Plaintiff on social media is stricken from the Order. Accordingly, we affirm the Order as modified.

MODIFIED AND AFFIRMED.

Judges WOOD and GORE concur.